UNIVERSAL FOUNDRY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 12—March 9, 1937.*

312

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J. The plaintiffs contend that there existed no condition of dependency within the meaning of sec. 102.49 (2), Stats., which provides:

"Sec. 102.49. *Additional death benefit for children, state fund.* (1) . . .

"(2) A child lawfully adopted by the deceased employee and the surviving spouse, prior to the time of the injury, and a child not his own by birth or adoption but living with him

as a member of his family at the time of the injury shall for the purpose of this section be taken as a child by their marriage."

The defendants contend that the award was not made under sec. 102.49 (2) but under sec. 102.48 (2). Sec. 102.49 (2) clearly refers only to the payment of additional benefits from the state fund and has no bearing upon the question of whether the grandchild is entitled to death benefits as provided by sec. 102.48 (2).

Sec. 102.48 provides: "If the deceased employee leaves no one wholly dependent upon him for support, partial dependency and death benefits therefor shall be as follows: (1) . . .

"(2) In all other cases the death benefit shall be such sum as the commission shall determine to represent fairly and justly the aid to support which the dependent might reasonably have anticipated from the deceased employee but for the injury."

The sections relating to presumed dependency, so far as applicable, are as follows:

"Sec. 102.51 (2) *Who are not.* No person shall be considered a dependent unless a member of the family or a spouse, or a divorced spouse who has not remarried, or lineal descendant or ancestor, or brother or sister of the deceased employee."

All of the grandchildren were lineal descendants of Julius Barsch, and so are within the exception, sec. 102.51 (2). There being no conclusive presumption, the question whether partial dependency exists is a question of fact. *Interlake Pulp & Paper Co. v. Industrial Comm.* (1925) 186 Wis. 228, 202 N. W. 175.

While the commission in its determination referred to sec. 102.49 (2), it is clear that such reference was a typographical error, and that the commission intended to refer to sec. 102.48 (2). There is ample evidence to sustain the finding of the commission.

A second contention of the plaintiffs is that under sec. 102.51 (1) the grandchildren were conclusively presumed to be dependent upon their parents. That section provides:

"Sec. 102.51 (1) *Who are.* The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee: . . . A child under the age of eighteen years, . . . upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent. . . ."

It is considered that the contention of the plaintiffs cannot be sustained. The statute by its terms applies only in the case of the death of an employee and to a child of that employee. In other words, in the case of the death of an employee who has a child, the fact of dependency is conclusively presumed. Under other circumstances the fact of dependency must be established by evidence. The mere fact that grandchildren who in the event of the death of a parent, if claiming compensation under the Workmen's Compensation Act, would have been conclusively presumed dependent upon that parent, does not preclude them from showing that under other circumstances they were in fact dependent on a grandparent. The commission having found the fact of partial dependency upon sufficient evidence, the trial court correctly affirmed the award.

*By the Court.*—Judgment affirmed.