KRUEGER, by Guardian *ad litem,* Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*November 9, 1940—March 11, 1941.*

*Alfred L. Godfrey,* attorney, and *Francis J. Korf,* guardian *ad litem,* both of Elkhorn, for the appellant.

For the respondent Industrial Commission there were briefs by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Raymond J. Simon and the Travelers Insurance Company there was a brief by *Stroud, Stebbins & Wingert* and *Byron H. Stebbins,* all of Madison, and oral argument by *Byron H. Stebbins.*

The following opinion was filed December 3, 1940:

MARTIN, J.    Appellant contends that the court erred, (1) in holding that the provision of sec. 102.51 (1), Stats. 1937, compelled the Industrial Commission to award the entire benefit to Richard Krueger to the exclusion of plaintiff Kenneth Krueger; (2) that the court erred in holding that sec. 102.51 (3) does not apply to the case; (3) that the court erred in holding that the plaintiff was not entitled to share in the death benefits; and (4) that the court erred in affirming the order of the Industrial Commission.

The question here presented involves the interpretation of sec. 102.51, Stats. 1937, which provides, in part, as follows:

"(1) *Who are.*    The following shall be conclusively presumed to be *solely and wholly* dependent for support upon a deceased employee: A wife upon a husband with whom she is living at the time of his death; a husband upon a wife with whom he is living at the time of her death; a child under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning), upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent.   In case of divorce the charging of any portion of the support and maintenance of a child upon one of the divorced parents, or any voluntary contribution toward the support of a child by such divorced parent, or an obligation to support a child by such divorced parent shall be held to constitute a living with the parent so charged.

"(2) *Who are not.* (a) No person shall be considered a dependent unless a member of the family or a spouse, or a divorced spouse who has not remarried, or lineal descendant or ancestor, or brother or sister of the deceased employee. . . .

"(3) *Division among dependents.* If there is more than one person wholly or partially dependent, the death benefit shall be divided between such dependents in such proportion as the commission shall determine to be just, considering their ages and other facts bearing on such dependency."

Sec. 102.51 (1), Stats., creates a conclusive presumption that certain persons are *solely and wholly* dependent upon the deceased employee, that is, if the deceased employee left a wife surviving who was living with him at the time of his death, by virtue of this statute, she is conclusively presumed to be solely and wholly dependent upon her husband. Likewise the husband has the benefit of the same presumption upon the death of his wife with whom he was living at the time of her death. A child under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent. If there is a surviving dependent parent, there is no conclusive presumption that any child or any children of the deceased parent, regardless of age, was solely and wholly dependent for support upon the deceased.

Under sub. (2) of sec. 102.51, Stats., members of the family, or a spouse, or a divorced spouse who has not remarried, or lineal descendants, or ancestors, or brothers or sisters of the deceased employee may be dependents. Sub. (3) relates to the division of death benefits among dependents; it includes those who are conclusively presumed to be solely and wholly dependent upon the deceased employee under sub. (1), and those whose dependency has been established as a fact by competent evidence under sub. (2). The division of death benefits is not limited to those who are conclusively presumed to be solely and wholly dependent upon the deceased

employee under sub. (1). The award finally made in the instant case and confirmed by the court below does not take into consideration sub. (3), which specifically relates to the division of death benefits among the dependents of the deceased employee. We think it clear that the legislative intent was to give those persons referred to in sub. (1) the benefit of a conclusive presumption, having the status of being solely and wholly dependent upon the deceased employee; that other dependents, if any, must establish their dependency, either wholly or partially, upon the deceased employee in order to share in the death benefits. This interpretation gives effect to subs. (1), (2), and (3), of sec. 102.51. The words "solely" and "wholly" are synonymous as here used. They mean total dependency upon the deceased employee.

Sub. (1) raises a conclusive presumption of total dependency for support upon the deceased employee, while other dependents, not given the benefit of the conclusive presumption, are referred to in sub. (2), and must establish their dependency, whether it be wholly or partially, by evidence. Then, under sub. (3), if there is more than one person wholly or partially dependent, the death benefits shall be divided between such dependents in such portions as the commission shall determine to be just, considering ages and other facts bearing upon such dependency. Under sub. (2) grandchildren or other lineal descendants of the deceased employee may be wholly or partially dependent upon the deceased employee and entitled to share in the death benefits. See *Universal Foundry Co. v. Industrial Comm.* 224 Wis. 311, 314, 272 N. W. 23.

In *Northern Hotel Co. v. Industrial Comm.* 223 Wis. 297, 270 N. W. 66, the applicant, a son of the deceased employee, was thirty-five years of age. Because he lost his regular employment and was unable to find other work, his father took him into his home and, until his death, provided him with

board, lodging, clothing, and everything he needed to live on, including some money. The son assisted the father in his work as a janitor. The Industrial Commission examiner dismissed the son's application on the ground that the son was not dependent upon the father. Upon review by the commission, it found that the son was totally dependent upon the father at the time of the latter's injury and death, and held that the son became entitled to a death benefit. Upon appeal, the circuit court affirmed the order and award of the Industrial Commission, and on appeal to this court, the judgment was affirmed. At page 301, referring to subs. (1) and (2) of sec. 102.51, Stats., the court said:

"There is nothing in that section [sub. (2)] or elsewhere in the compensation act, because of which an applicant, who is a lineal descendant of a deceased employee, and is in fact wholly dependent on such an employee at the date of the latter's injury, cannot be considered a dependent merely because he is over eighteen years of age or is not incapacitated from earning."

The Industrial Commission examiner and the commission having found that both Richard and Kenneth were totally dependent for support upon their father at the time of his accident and death, and there being no surviving dependent parent, we hold that the death benefits should have been awarded to and divided between the two sons.

It appears that the compensation insurance carrier of the respondent employer, Raymond J. Simon, has made certain payments to the guardian of both Kenneth and Richard Krueger under the orders made by the Industrial Commission examiner. The judgment to be entered in the court below should direct the commission to provide in its award, when the record is returned for further proceedings in accordance with this opinion, that all sums paid by the insurance carrier to the guardian of both Kenneth and Richard be held by such

guardian for the benefit of both in the proportions that it is determined that they are entitled to share in the death benefits.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings in accordance with the opinion.

FRITZ, J., dissents.

A motion for a rehearing was denied, without costs, on March 11, 1941.