BURROWS, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 13—November 14, 1944.*

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents Rhinelander Paper Company and Hartford Accident & Indemnity Company there was a brief by *La France & Edwards*, attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Mr. La France*.

FOWLER, J. This is an appeal from a judgment of the circuit court for Dane county, confirming an award to the mother of an eighteen-year-old employee of the Rhinelander Paper Company who died as the result of an injury sustained in course of employment. The award was of $1,200 for partial dependency. The claim was for an award to a parent wholly dependent. The appeal is from the judgment because it denies compensation to the applicant as one wholly dependent. Sec. 102.48, Stats., fixes the award to an unestranged surviving parent, as is the instant applicant, in case of an accident proximately causing death, as did the instant accident, at the amount above stated.

The son was living with his mother in a house owned by her. He paid her $50 a month—one half of his wages. The applicant rented the upper story of the house for $30 a month and a garage in connection for $6 a month, thus giving her a gross income of $432 a year. Her payments for taxes, interest on a mortgage, insurance. heat, water, and repairs aggregated $481, thus exceeding the income by about $49. But the first part of the lower story of the house had been rented previous to the boy's employment for $420 to $480 a year, while she and the son had occupied two back rooms of the first floor. The house thus furnished the mother with shelter, a considerable part of living cost, and was capable of furnishing her besides with a net income of about $400 a year. The son's payment of $50 a month did not go wholly to the mother's support. It included his board, lodging, and laundry, which the applicant valued at $7 a week, thus leaving only $20

a month to go to the support of the mother, which was obviously insufficient to support her wholly.

It is thus apparent that the commission's finding of only partial support is supported by the evidence and could not be overthrown by the circuit court. There is no middle ground. Dependency is either partial or total. To be total the applicant must be wholly and solely dependent. *Krueger v. Industrial Comm.* (1941) 237 Wis. 158, 162, 295 N. W. 33; *Larkin v. Smith* (1944), — Md. —, 37 Atl. (2d) 340, 343.

*By the Court.*—The judgment of the circuit court is affirmed.