Neumann, Appellant, vs. Industrial Commission and others, Respondents.

*April 5—May 2, 1950.*

For the appellant there was a brief by *Dougherty, Arnold & Waters* and *Clarence J. Bullock,* all of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Schlitz Brewing Company and Liberty Mutual Insurance Company there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Carl Neprud Otjen.*

FAIRCHILD, J. The plaintiff is an unestranged surviving parent residing in the state of Wisconsin and is entitled to receive the death benefit provided by statute for "partial dependency." The evidence referred to in this opinion and in the statement of facts shows that the sister of deceased and her husband, the purchasers of the homestead, together with their own daughter, and the mother, and the deceased lived in a community relation. There were contributions toward the supply of food by the deceased and by the husband of Mrs. Graske. The testimony of Mrs. Graske is that the deceased, his mother, and the family of Mrs. Graske all ate together and "pooled their food."

The case presented to the commission by the examiner's report was one in which the mother of the deceased was not wholly dependent upon her son for support at the time of his death, and the commission found that the mother was not wholly dependent upon her son. The circumstances of her situation show that only a part of her maintenance was contributed by the deceased. Partial dependency appearing, the amount allowed is fixed by statute; but as to the claim of being wholly dependent, the burden of proving the essentials

of such dependency and its character is on the plaintiff. The rule is that if the evidence before the commission is such as to raise in the minds of the commission legitimate doubt as to the existence of essential facts, it would be the duty of the commission to rule against the claim on the ground that the applicant did not sustain the burden of proving to the satisfaction of the commission that the facts were as claimed. As urged by the defendants, the rule applies with as much force in a case involving dependency as in any other case.

The family adjusted themselves to what seems to be a practical method of meeting daily requirements, but nothing appears which places the plaintiff in the position of one totally dependent. The deceased occupied premises owned by the plaintiff and did assist in the maintenance of the plaintiff. It is unnecessary here to deal with the question as to whether this was intended to constitute a *quid pro quo* or warrants the spelling out of a consideration in an adjustment of matters between him and his mother. It does appear that the deceased used the plaintiff's premises, and that he gave her permission to use out of his savings such amount as she needed for certain expenses. The evidence is that the plaintiff furnished lodgings for her son for the past eleven years by allowing him to use her premises as a place to live. She packed his lunches, shopped for a part of his clothing and for the food which was pooled with that furnished by the Graskes. Out of the money he gave her she bought clothing for herself, paid incidental doctor bills, and he contributed toward what was used in common by the group (the daughter's family, the deceased, and the mother) for food. The rest of the money was deposited in the name of the deceased, and at the time of his death he owned $500 in bonds and had in the bank a balance of $1,404.55. He also owned an automobile.

It is considered that there is credible evidence to sustain the finding that the plaintiff was not wholly dependent upon

the deceased for support at the time of and prior to his fatal injury. We reach this conclusion because it was a question of fact and as such was for the commission to determine. It was decided by the commission that the plaintiff was not totally dependent on her son for support. She was not incapacitated, owned some property, and the lodging portion of her maintenance was provided by others than the deceased. Under the circumstances the commission's finding that she was not wholly dependent upon the deceased for her support must be sustained.

*By the Court.*—Judgment affirmed.