FORDE and wife, Appellants, v. INDUSTRIAL COMMISSION and others, Respondents.

*April 30—June 1, 1965.*

For the appellants there were briefs by *Jasper, Winner, Perina & Rouse* of Madison, and oral argument by *Robert I. Perina.*

For the respondent Industrial Commission the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Gordon Samuelsen,* assistant attorney general.

For the respondents Employers Mutual Liability Insurance Company and Kisting Construction Company there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *Elton E. Larson.*

GORDON, J. The Industrial Commission found that George and Leona Forde were not solely dependent for support upon their son, Lyle, and we believe that such determination must be upheld.

The record shows that there were a number of sources of support for the claimants other than their son, Lyle. George Forde had some small ($350) earnings from his sales of cattle feed. Even though George Forde used Lyle's automobile in connection with this sales work, the commission could nevertheless treat such earnings as an item of

support not wholly supplied by Lyle. In addition, Leona Forde earned $25 harvesting tobacco, and the sum of $98 was received from the Soil Bank. As a more-significant factor, the commission found that the claimants received their shelter from a source other than Lyle.

As appellants, George and Leona Forde contend that their own earnings should be regarded as *de minimis*. They also contend that Lyle Forde not only operated the farm but also that he assumed his parents' agreement to purchase the farm from Ole and Selmer Forde; upon this reasoning it is urged that it was Lyle who actually supplied shelter to the claimants.

The burden of proving total dependency is on the claimants. *Fitz v. Industrial Comm.* (1960), 10 Wis. (2d) 202, 205, 102 N. W. (2d) 93; *Neumann v. Industrial Comm.* (1950), 257 Wis. 120, 122, 42 N. W. (2d) 445; *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 337, 12 N. W. (2d) 42. In *Burrows v. Industrial Comm.* (1944), 246 Wis. 152, 154, 16 N. W. (2d) 434, it is stated:

"There is no middle ground. Dependency is either partial or total. To be total the applicant must be wholly and solely dependent."

Even though the independent earnings of George and Leona Forde were very modest, we cannot say that they were *de minimis* in light of the family's meager standard of living which is reflected in the record. In our opinion, the earnings of the claimants and the outside support furnished to them were not so insignificant as to bring into play the rule that *de minimis non curat lex*. *Neumann v. Industrial Comm., supra*. Cf. *Cherry v. Industrial Comm.* (1944), 246 Wis. 279, 16 N. W. (2d) 800, and *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* (1933), 212 Wis. 507, 250 N. W. 396.

Although George and Leona Forde argue that Lyle had assumed the obligation to pay for the farm and had taken over the management, we believe that the record supports the conclusion that legal title was in Ole and Selmer Forde, and that George Forde had an oral agreement to repay the purchase price to his brothers. The record would not, however, support a finding that Lyle was the owner of the farm; this is true even though there may have been an intention that Lyle would become the owner at some future time.

Upon the evidence, it was proper for the commission to have concluded that shelter was provided to George and Leona Forde from a source other than their son, Lyle.

In conclusion, we believe that the commission was not bound to find that Lyle had provided the sole support of his parents when the latter earned approximately $475 in 1962 and also received from someone other than Lyle their residence and a farm which had income-producing potential.

The respondents have moved to strike the appendix on the grounds that it was not served within the time required by sec. 251.43, Stats., and failed to comply with the provisions of sec. 251.34. The court has concluded that, as a matter of discretion, such motion should be denied.

*By the Court.*—Judgment affirmed.