TRAVELERS' INS. CO. v. PETERS et al. (No. 1336.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 1, 1926.)

1. Master and servant ⬱401 — Petition for compensation held not demurrable for failure to negative abandonment of injured husband by claimant wife (Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15).

Petition under Workmen's Compensation Law by wife of injured employé was not demurrable as not affirmatively pleading that claimant had not, for period of three years prior to injury, abandoned her husband; such abandonment being defensive matter to be pleaded and proved by defendant under Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15.

2. Master and servant ⬱417(5).

Charge in workmen's compensation suit that defendant had burden of proof held contrary to Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, and error.

3. Master and servant ⬱418(3)—Erroneous charge in compensation case held not reversible error, in absence of objections (Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 1971).

Erroneous charge that defendant in workmen's compensation case had burden of proof held not reversible error; Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, providing that objections to charge, not made after inspection of charge by parties, are waived.

4. Master and servant ⬱388 — Illegitimate "child," not recognized by injured employé, cannot be beneficiary under Compensation Law (Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15; Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 2472); "children."

Since Workmen's Compensation Law (Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), uses words "child" or "children" in sense of legitimate offspring, child of injured employé's wife, born before marriage, and not recognized by employé under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 2472, cannot be a beneficiary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child—Children.]

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Theresa Peters for herself, as the surviving wife of William Peters, and as mother and next friend of Joseph Peters against the Travelers' Insurance Company, to set aside an award and order of the Industrial Accident Board. Judgment for plaintiffs, a new trial was denied, and defendant appeals. Reversed and remanded.

Oliver J. Todd, A. D. Moore, and Chas. S. Pipkin, all of Beaumont, for appellant.

Howth, Adams & Hart and David E. O'Fiel, all of Beaumont, for appellees.

O'QUINN, J. This suit was brought by Theresa Peters for herself, as the surviving wife of William Peters, and as mother and next friend of Joseph Peters, a minor, alleged to be the child of William and Theresa Peters, against the Travelers' Insurance Company, to set aside an award and order of the Industrial Accident Board of the state of Texas denying compensation to appellees for the death of William Peters, alleged to have resulted from an injury sustained by him in the course of his employment as an

employé of the Gulf Refining Company, which said company was a subscriber under the Workmen's Compensation Law, and appellant its insurer.

In addition to other formal allegations, plaintiffs in their amended original petition alleged that William Peters received an injury in the pelvic region of the body while in the course of his employment, which resulted in a stricture which prevented the passage of the urine, and that his death was due to poisoning caused by retention of the urine. They further alleged that, if William Peters' death did not result solely from the injury, the injury so aggravated a previous affliction or disease as to hasten and cause his death. This latter plea was evidently in answer to defensive matter pleaded by appellant.

Defendant answered by general demurrer, general denial, and specially that Peters' death did not result from any injury received in the course of his employment, but that same was caused solely by gangrene or blood poisoning arising out of a severe case of venereal disease of long standing, in that the retention of urine was caused by scars and strictures which were the result of treatment of said disease. Defendant further specially answered that Joseph Peters, minor son of deceased, was not a legitimate child, but was born out of wedlock, and could not inherit from his father, and therefore was not entitled to recover.

The case was tried to a jury upon special issues, in answer to which the jury found (1) that William Peters, the deceased, received his injuries in the course of his employment; (2) that said injury was the sole and direct cause of his death; (3) that a pre-existing disease was not the sole and direct cause of his death; (4) that his death was not due to the combined effect of a pre-existing disease and the injury received by him; and (5) the average weekly wages earned by the deceased. In answer to special issues proposed by defendant, the jury further found (1) that William Peters and Theresa Peters were not legally married at the time that the minor Joseph Peters was born; (2) that there were strictures and pus pockets in the urinal tract of William Peters at the time he received his injury; (3) that said strictures and pus pockets were neither of them the result of gonorrhea; and (4) that the strictures which they had found existed at the time the injury was received were not the cause of the suppression of the urine. On the answers of the jury, judgment was rendered in favor of appellants for $12.46 per week for 360 weeks, amounting to $4,485.60, one-half each to Theresa Peters and Joseph Peters, and one-third of the amount awarded to each of the plaintiffs was adjudged to their attorneys. Defendant's motion for a new trial was overruled, and it has appealed.

[1] Appellant first presents as fundamental error that, in view of article 5246—15, Texas Complete Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1918, the court erred in not sustaining appellant's general demurrer to plaintiffs' petition, because appellee, Theresa Peters, did not affirmatively plead that she was the surviving wife of the deceased, William Peters, and had not for a period of three years prior to the date of the injury without good cause abandoned her said husband, and therefore her petition did not state a cause of action.

The petition alleged that Theresa Peters was the surviving wife of the deceased, William Peters, but it did not allege that she had not abandoned him for three years prior to the injury. We do not think the assignment is well taken. The question of abandonment by the husband or wife is a defensive matter, and, if abandonment existed, it should be pleaded and proved by the defendant.

[2, 3] Appellant complains that the court erred in his charge, wherein he charged the jury that—

"The burden rests upon the defendant to prove by a preponderance of the testimony the material allegations of its answer."

This charge was error. The law (article 5246—44, Texas Complete Statutes 1920) provides that, where suit is brought to set aside an award of the Industrial Accident Board, *the trial shall be de novo and the burden of proof shall be upon the party claiming compensation*. The charge placed upon appellant a burden not imposed by law, and in contravention of the law above mentioned, but we do not believe that this is reversible error, for the reason that article 1971, Texas Complete Statutes 1920 or Vernon's Sayles' Ann. Civ. St. 1914, provides that the court shall prepare his charge and present same to the parties and a reasonable time be allowed them to inspect same and to make and present their objections thereto, and specifically provides that *all objections not so made and presented shall be considered as waived*.

[4] Appellant asserts that the judgment is erroneous for in that defendant pleaded and proved that Joseph Peters, alleged minor son of deceased, William Peters, was illegitimate, and there being no evidence that William Peters ever recognized Joseph as his child, after marrying his mother, therefore the judgment as to its rendition of one-half of the recovery to Joseph was without support, either in pleading or proof. Joseph's mother, Theresa Peters, testified that, at the time of the trial, March 11, 1925, Joseph was about 10 years old. The record shows that deceased and Theresa Peters were married on December 22, 1919. That would make Joseph about 5 years old at the time his mother was married to deceased, and therefore he was illegitimate, being born out of wedlock. Article 2472, Texas Complete Statutes 1920 or

Vernon's Sayles' Ann. Civ. St. 1914, provides that:

"Where a man, having by a woman a child or children, shall afterwards intermarry with such woman, such child or children, if recognized by him, shall thereby be legitimated and made capable of inheriting his estate."

We do not believe there is any evidence in the record showing that deceased ever recognized Joseph as his son. If Joseph is to receive compensation as a child of William Peters, we think it must be shown that, after marrying Joseph's mother, he recognized Joseph as his son. In view of the state of the law as to illegitimates inheriting by or through the father, we think it must be held that the Legislature, when it enacted the Workmen's Compensation Law (article 5246—15, Revised Statutes), used he words "child" and "children" in the sense of legitimate offspring, and hence for Joseph to be a beneficiary under the law it must be shown that he was recognized by William Peters as his son after marrying Joseph's mother.

Appellant complains of the judgment as being erroneous, in that it is based upon answers of the jury which are so against the great weight of the evidence as to be manifestly wrong and to show prejudice on the part of the jury, that the verdict of the jury ascertaining the average weekly wages of deceased is not supported by any competent testimony, and that the answers of the jury to some of the special issues are inconsistent and not sufficient to base a judgment upon. Without discussing these assignments in detail, we will say that the record is so unsatisfactory, incomplete, and scant with reference to several of these matters that we have concluded the judgment should be reversed and the cause remanded for a new trial, when the evidence touching all these matters can be more fully developed. Many of the questions here presented may not arise upon another trial.

The judgment is reversed, and the cause remanded.