### CONSOLIDATED UNDERWRITERS v. WARD et al.

#### No. 9001.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1933.

Rehearing Denied March 15, 1933.

E. C. Gaines, of Austin, for appellant.

Boone & Raymer and Allen V. Davis, all of Corpus Christi, for appellees.

SMITH, Justice.

The appeal presents the question of whether a person standing in loco parentis of an industrial employee is entitled to compensation for his death occurring in the course of his employment, by virtue of the provision of the Workmen's Compensation Act that an employee's "parents" shall be entitled to such compensation. An aunt of the employee brought this action, alleging and proving facts which placed her in loco parentis of the deceased employee. She recovered, and the insurer has appealed.

The decision must rest upon the provisions of section 8a of article 8306, R. S. 1925, as follows: "The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband, * * * and of the wife, * * * and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employee. * * *"

■ The specific question presented here has not been decided by the courts of this state, or of any other state, for that matter, so far as we are informed, although it may be said to have been decided in principle, or indirectly decided, adversely to appellee in McDonald v. Ins. Ass'n (Tex. Civ. App.) 267 S. W. 1074, decided by the Dallas Court of Civil Appeals. There the word "parents" was construed to include persons who had legally adopted the employee in accordance with the provisions of the adoption statutes. Article 42 et seq., R. S. 1925. In the well-considered opinion in that case Judge Looney carefully distinguishes between a parent by adoption, upon one hand, and a person standing in loco parentis, upon the other, and by implication, if not by express language, excludes those in the latter class from the benefits of the Compensation Act.

We are of the opinion that appellee is not entitled to recover.

■■ It is true that the Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended) should be liberally construed in order to effectuate its fine purpose to compensate industrial employees in case of injury, or their beneficiaries in case of death. But this liberality of construction applies only to those classes specified in the statute, and will not be extended beyond its plain terms to include those not specifically named.

Such enlargement would tend to break down the law, by opening up its benefits to every dependent, regardless of age or relationship, which clearly was not within the contemplation of the Legislature. If such had been the legislative intent, it would not have specified those persons entitled to compensation.

Specifically, if the Legislature had intended to include persons in loco parentis, it would have specified that class. It did name "parents," and, apparently realizing that such specification would exclude stepmothers, expressly named the latter as well. Surely, if "parents" as used in the statutes includes persons standing in loco parentis, it would have included stepmothers standing in that relation. So, by naming the latter, it plainly excluded the former.

Appellees concede that appellee's relation as aunt has nothing to do with the case, as of course it has not, since aunts are not specifically named. And the statute expressly excludes the question of dependency from consideration in determining the claim of a parent. The facts, therefore, that appellee was an aunt and was dependent upon the employee, have no bearing upon the question presented. So, those elements being out of the case, and appellee's class-status not being included among those specially designated in a statute which expressly names those entitled to its benefits, and concededly relying solely upon that statute for relief, appellee has no right or remedy.

The judgment is reversed, and judgment is here rendered that appellee take nothing.

On Motion for Rehearing.

Appellee insists that this court has entirely missed the point of her case. She insists that she does not seek to extend the benefit of the Compensation Act to a class not therein designated, but that she merely contends that the designated class, "parents," should be extended over by implication to include appellee; or, in short, appellee insists that she was in fact a "parent" of the deceased employee because she cared for him through his childhood, in return for which he was morally bound, had he lived, to care for her in her advancing years. If the claimed distinction exists between the case made and the case decided by this court, then it is a

technical distinction, and does not affect the merits of the decision.

Appellee invokes the case of McDonald v. Ins. Ass'n (Tex. Civ. App.) 267 S. W. 1074, in which it is held that, where one legally adopts a child under the statutory procedure therefor, such one thereupon becomes a "parent" within the meaning of the act. That is plainly so, for the simple reason that the statute expressly creates the relation of parent and child, the same as if the natural relation existed, and adjusts the rights and liabilities of the parties to that legal status. Under the terms of the Compensation Act, the parent in that case was entitled to be compensated for the accidental death of the child, without reference to the question of dependency. But in this case appellee's only claim rests, after all and as a practical matter, upon dependency, which, under the statute, must be coupled with the relation of grandparents, children, brothers and sisters of the deceased employee, in order to entitle the claimant to compensation. Article 8306, § 8a, R. S. 1925.

We conclude that we properly appraised appellee's case in the original opinion, to which we adhere, and overrule her motion for rehearing.