## AMERICAN GENERAL INS. CO. v. ALEXANDER.

### No. 4570.

Court of Civil Appeals of Texas. Beaumont.

Dec. 16, 1948.

Rehearing Denied Jan. 12, 1949.

Cecil & Keith, of Beaumont, for appellant.

E. L. Reid, of Orange, for appellee.

MURRAY, Justice.

Mary Alexander, the appellee, recovered judgment against American General Insurance Company, appellant, in the District Court of Orange County for the death of her illegitimate son, Timothy Joseph, under the Workmen's Compensation law. The facts are without dispute and the appeal before us presents only the question whether the mother of an illegitimate child may recover Workmen's Compensation insurance benefits for the death of such an illegitimate son.

The right of the appellee to recover for the death of her unmarried illegitimate son is determined by that portion of our Workmen's Compensation statute found in Article 8306, § 8a, Vernon's Texas Civil Statutes Annotated, which reads in part as follows:

"* * * The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abondoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or

next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law."

The appellant states that no decision by the Texas courts is to be found directly in point but reasons by analogy from the holdings of various Texas decisions which hold that an illegitimate child is not entitled under this statute to recover Workmen's Compensation benefits for the death of its father, that Mary Alexander, the appellee here, cannot recover as beneficiary for the death of her unmarried illegitimate son. Appellant cites and relies upon the decisions in the cases of Travelers Insurance Co. v. Peters, Tex.Civ.App., 280 S.W. 310, 311; Sanchez v. Texas Employers' Insurance Ass'n, Tex.Civ.App., 51 S.W.2d 818; United States Fidelity & Guaranty Co. v. Henderson, Tex.Civ.App., 53 S.W.2d 811; Hargrove v. Lloyds Casualty Co. of New York, Tex.Civ.App., 66 S.W.2d 466; Commercial Standard Ins. Co. v. Austin, Tex. Civ.App., 128 S.W.2d 836; Texas Indemnity Ins. Co. v. Hubbard, Tex.Civ.App., 138 S.W.2d 626. All of the above cited decisions establish the rule that illegitimate children cannot recover the benefits of Workmen's Compensation insurance for the death of their father. No authority is shown nor have we been able to discover any which goes so far as to hold that an illegitimate child may not recover such benefits for the death of its mother.

We do not agree with the contention of the appellant that the reasons advanced for the holding in the above cases requires or would support a holding in the instant case that the mother of an illegitimate child would be barred from recovery. While it is true that the language used in the Hargrove case, supra [66 S.W.2d 468] "Our own courts have held in the cases cited * * * that the words 'children' and 'dependent children' as used in these acts mean legitimate children, wherefore illegitimate ones are not capable of taking the benefits therein provided", is undoubtedly the correct construction of the statute as applied to the facts in that case, we do not believe

that such statute should also be construed as meaning by the word "parents" to exclude the mother of an illegitimate child. None of the impelling practical reasons for the exclusion of the father of illegitimate children from consideration in the application of the Workmen's Compensation law is to be found in the case of the mother of such a child. In cases involving the father as a beneficiary or as the deceased employee, the difficulty of establishing with certainty the relationship of father and child made it practically necessary that the legislature, in phrasing the terms of the Workmen's Compensation law, and that the courts in construing it, exclude him from the law's consideration. No such impediment exists as to the unfortunate mother and the question of her identity as the mother is solved as easily and readily as though her child had been born in wedlock.

Article 8306, § 8a, supra, provides that the amount recovered as death benefits under the compensation law shall be distributed among the beneficiaries as may be entitled to the same as provided in said Article 8306, § 8a, according to the law of descent and distribution. Included, of course, in our law of descent and distribution is Article 2582, Vernon's Civil Statutes Annotated, which reads as follows: "Bastards shall be capable of inheriting from and through their mother, and of transmitting estates, and shall also be entitled to distribute shares of the personal estates of any of their kindred, on the part of their mother, in like manner as if they had been lawfully begotten of such mother." In construing this statute the decisions of the courts of this State have always determined the status of an illegitimate child as regards its mother to be the same as that of a legitimate child. See Berry v. Powell, 47 Tex. Civ.App. 599, 105 S.W. 345; James v. James, Tex.Civ.App., 253 S.W. 1112. It has also been held, with the approval of the Supreme Court, that it has been the legislative policy of this State to treat illegitimates as children as far as relationship to or through their mother is concerned, and that therefore an illegitimate child could recover for the death of its mother under our death statute. Galveston, H. & S. A.

Ry. Co. v. Walker et al., 48 Tex.Civ.App. 52, 106 S.W. 705. As is pointed out by the appellee in her brief, when the legislature enacted the Workmen's Compensation Act and later amended it in various ways and in such statutes it made and designated children of a deceased employee as beneficiaries under the Act, we must assume that the legislature was fully cognizant of the existing legislative policy as declared by the court in the case of Galveston, H. & S. A. Ry. Co. v. Walker, supra. From this we must conclude that this legislative policy also extends to the provisions of the Workmen's Compensation law, and that the mother of an illegitimate child may recover as such for his death as an employee.

We disagree with the contentions of the appellant and believe that the trial court was correct in its judgment that Mary Alexander as the mother of Timothy Joseph, her unmarried illegitimate son, was entitled to recover Workmen's Compensation insurance benefits for his death.

The judgment of the trial court is affirmed.

COE, C. J., and WALKER, J., concur.