## ROGERS et al. v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 15071.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 21, 1949.

Rehearing Denied Dec. 2, 1949.

Bullington, Humphrey, Humphrey & Fillmore, and John Humphrey, Smoot & Smoot, and Geo. A. Smoot, all of Wichita Falls, for appellants.

Nelson, Montgomery & Robertson, and Ernest Robertson, all of Wichita Falls, for appellee.

McDONALD, Chief Justice.

In this case a dependent grandchild seeks workmen's compensation for the death of an employee. She appeals from a judgment dismissing her cause after special exceptions to her petition were sustained. The sole question presented on appeal is whether the grandchild is a beneficiary within the provisions of Article 8306, Section 8a, which reads in part as follows: "The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband * * * and of the wife * * * and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters * * *."

Grandchildren are not expressly mentioned in the statute. Plaintiff's contention is that the term children should be treated as including grandchildren.

So far as the briefs show, and so far as we have been able to determine, the precise question suggested has not been decided in Texas. Appellant, the plaintiff below, cites five cases from other states in which compensation was awarded to grandchildren. We shall discuss them briefly.

Ex parte Cline, 213 Ala. 599, 105 So. 686. The decision appears to have been reached

primarily because the statute provided in certain cases for award of compensation to orphans while in other cases provision was made for award of compensation to children. The use of the word orphan, when the word children had been used elsewhere in the statute, suggested that the word orphan must have been intended to include persons who did not come within the term children. The significance accorded to the language of the statute is emphasized in the later opinion of the same court in Morgan-Hill Paving Co. v. Stewart, 220 Ala. 480, 126 So. 116, 117, where it is said: "It is thus apparent, according to our liberal construction of the statute, that the word 'orphan' is broader and may embrace others than a child of decedent * * *. This construction of the statute extends to orphan, dependent grandchildren * * *."

The Illinois statute, applied in Superior Coal Co. v. Industrial Commission, 304 Ill. 320, 136 N.E. 762, expressly provided for award of compensation to grandchildren.

Community Baking Co. v. Reissig, 164 Md. 17, 164 A. 176. The opinion of the court, though not quoting the statute, clearly indicates that grandchildren were expressly named in the statute, the question being whether an illegitimate child of the deceased's daughter should be treated as a grandchild under the statute. As further ground for allowing an award to the grandchild, the court quoted other portions of the statute which were clearly different in terms from the Texas statute.

Universal Foundry Co. v. Industrial Commission, 224 Wis. 311, 272 N.W. 23. The statute expressly allowed compensation to a "child not his own by birth or adoption but living with him as a member of his family at the time of the injury". St.1935, § 102.49(2).

The four cases above cited are not helpful in the construction of the Texas statute, further than that they announce a policy, likewise announced by many Texas decisions, of liberal construction of workmen's compensation statutes.

The Tennessee statute, construed in Cherokee Brick Co. v. Bishop, 156 Tenn. 168, 299 S.W. 770, is quite similar to the Texas statute, and the opinion in the cited case, standing alone, tends to support appellant's contention that grandchildren should be treated as coming within the term children. We find, however, upon examination of other compensation cases in Tennessee, that recovery has been allowed to other classes of claimants in that state who have not been permitted to recover in Texas. In Memphis Fertilizer Co. v. Small, 160 Tenn. 235, 22 S.W.2d 1037, recovery was allowed to a child who had been cared for and supported by the deceased workman for a year, though unrelated to him.

In McDonald v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 267 S.W. 1074, it was observed that some courts in other states had allowed recovery under the doctrine of loco parentis, and that other courts had denied recovery, but held that under the Texas statute recovery should be limited to those named in the statute, and should not be extended to cases where one person stood in loco parentis to another. A recovery was denied in Consolidated Underwriters v. Ward, Tex.Civ.App., 57 S.W.2d 964, writ refused, where it was claimed that an aunt stood in loco parentis. The court declared that an enlargement of liability would tend to break down the law by opening up its benefits to every dependent, regardless of age or relationship, which, it was held, was clearly not within the contemplation of the Legislature.

In Portin v. Portin, 149 Tenn. 530, 261 S.W. 362, recovery was allowed in the case of an illegitimate child of the deceased employee, but in Texas recovery is denied for death of the father of an illegitimate child, see cases cited in 45 Tex.Jur., p. 431, Par. 50, although allowed with respect to the mother of an illegitimate child, American General Ins. Co. v. Alexander, Tex.Civ. App., 216 S.W.2d 997, writ refused. A putative wife may recover in Tennessee, Perry v. Sun Coal Co., 183 Tenn. 141, 191 S.W.2d 181, and other cases there cited, but not in Texas, Woods v. Hardware Mut. Cas. Co., Tex.Civ.App., 141 S.W.2d 972, and other cases there cited. It is repeatedly said in the Tennessee cases that dependency, rather than blood relationship or

marriage, is the test to be applied in determining the right to recover compensation.

As said above, the Texas statute does not expressly name grandchildren. "It is a general rule of the common law that the words 'child' and 'children' do not, in their natural and proper signification, include a grandchild or grandchildren or descendants in a more remote degree." Burgess v. Hargrove, 64 Tex. 110. Many cases announcing this general rule are cited in 7 Words and Phrases, Perm.Ed., page 1 et seq. The term children has been held not to include grandchildren in actions to recover for wrongful death brought under Articles 4671–4678, Revised Civil Statutes, Vernon's Ann.Civ.St. arts. 4671–4678. Dallas Rapid-Transit R. Co. v. Elliott, 7 Tex. Civ.App. 216, 26 S.W. 455; Houston & Texas Cent. R. Co. v. Harris, Tex.Civ.App., 64 S.W. 227. Grandchildren do not come within the meaning of the term minor children as used in Article 16, Section 52 of the Texas Constitution, Vernon's Ann. St., relating to the homestead. Ross v. Martin, 104 Tex. 558, 140 S.W. 432. The terms child and children, as used in Article 8292, Vernon's Ann.Civ.St., relating to pretermission of children in a will, do not include grandchildren. McQueen v. Stephens, Tex.Civ.App., 100 S.W.2d 1053. The terms child and children, when used in a will, do not include grandchildren unless there is a clear intention to the contrary expressed in the instrument itself. See cases cited in 7 Words and Phrases, Perm. Ed., at pages 77 and 78; and for a specific application of the rule see Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147. It was held in Smith v. Grand High Court, Tex.Civ. App., 31 S.W.2d 192, that grandchildren were not included in the term children as used in the by-laws of a fraternal association.

It has uniformly been held that the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., is a remedial statute, which should be liberally construed, with a view to accomplish its purposes and to promote justice, and to protect the employee. Texas Employers' Ins. Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390. But in Vaughan v. Southwestern Surety Ins. Co., 109 Tex. 298, 206 S.W. 920, 921, speaking with reference to the designation of beneficiaries then contained in the statute, the Supreme Court declared that it was not at liberty to speculate upon the intention of the Legislature in the face of the plain provisions of the act. It declared that it was not necessary to attempt to reconcile any inconsistencies that the operation of the act might entail. The Court further said: "The wisdom of the act is not a judicial question. * * * It may in this respect operate unfairly, but that was for the determination of the Legislature. As is said by a competent authority, the remedy for a harsh law is not judicial interpretation, but its amendment or repeal." In Consolidated Underwriters v. Ward, Tex.Civ.App., 57 S.W.2d 964, writ refused, the court recognized that the act should be liberally construed in order to effectuate its purposes, but declared that such liberality of construction applied only to those classes of persons specified in the act, and that the act would not be extended beyond its plain terms to include persons not specifically named. This court applied a similar rule of statutory construction with reference to the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, in Deatherage v. Fort Worth & D. C. R. Co., Tex.Civ. App., 154 S.W.2d 918, writ refused, in denying a recovery to foster children who had not been adopted by the deceased.

Appellant refers to decisions which have included adopted children within the term children, and half-brothers and half-sisters within the terms brothers and sisters. Such holdings are not peculiar to workmen's compensation cases, but are only applications of rules that govern generally the respective relationships of adopted children and of brothers and sisters of the half blood. Nor is it of any significance in this case that children unborn at the time of the death of the father are held to be beneficiaries. They fit the exact language of the act, for they are children of the deceased father though born after his death. Appellant suggests that it is unreasonable to suppose that the Legisla-

ture intended to include grandparents in the act but omit grandchildren from it. Nevertheless, the act does omit grandchildren while including grandparents, and it is not our duty to change the meaning of the act by judicial construction.

The above-cited Texas cases all appear to argue against the proposition that the term children should be interpreted as including grandchildren. The workmen's compensation cases from other states, cited supra, excepting Tennessee, involved statutes different from the Texas statute. The Tennessee cases make dependency rather than relationship the test, but the Texas cases all appear to hold that a claimant must come within one of the enumerated classes in order to recover, regardless of the showing of dependency.

Believing that appellant was not entitled to recover, we affirm the judgment of the trial court.