**INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 119 & Robert Sullivent, Appellants,**

v.

**JOHNSON CONTROLS, INC. & American Motorists Insurance Company, Appellees.**

No. 05–88–00772–CV.

Court of Appeals of Texas, Dallas.

June 13, 1991.

Rehearing Overruled Aug. 6, 1991.

Jonathan C. Wilson, Lancaster Smith, Harvey L. Davis, Dallas, for appellees.

Before STEWART, OVARD and BURNETT, JJ.

## OPINION ON REHEARING

STEWART, Justice.

We grant in part and overrule in part appellants' motion for rehearing, although it does not change our disposition of this appeal. We withdraw our opinion and vacate our judgment dated March 7, 1991. Further, we overrule Johnson's and American's motions for rehearing. This is now the Court's opinion.

International Union United Automobile Aerospace and Agricultural Implement Workers of America Local 119 (the Union) [1] and Robert Sullivent (Sullivent) [2] appeal from a summary judgment entered against them and in favor of Johnson Controls Inc. (Johnson) and American Motorists Insurance Company (American). In two points of error, appellants contend that the trial court erred in: (1) granting Johnson's and American's motions for summary judgment; and (2) denying their motion for summary judgment. We affirm in part and reverse and remand in part.

## BACKGROUND FACTS

In October 1984, Sullivent, a Johnson employee and Union member, suffered an occupational injury which rendered him unable to work. Sullivent filed a claim for workers' compensation benefits with Employers' Insurance of Wausau (Wausau), Johnson's compensation carrier at the time of the injury. Wausau granted Sullivent's request for benefits. Sullivent also requested a leave of absence pursuant to the collective bargaining agreement between Johnson and the Union. Under the agreement, an employee who is granted a leave of absence continues to accumulate seniority during his absence, and Johnson continues to pay the employee's medical and den-

Dale B. Tillery, Dallas, for appellants.

1. The Union sued individually and as collective bargaining agent for the employees of Johnson Controls, Inc.

2. The Union and Sullivent will be referred to collectively as appellants unless it is necessary to individually identify them.

tal insurance premiums. Johnson granted Sullivent's initial request and several subsequent requests for extensions of his leave of absence.

On March 20, 1986, J.E. Pittman, Johnson's personnel manager, wrote Sullivent a letter in response to Sullivent's request for an additional extension of his leave of absence. The letter stated that Pittman was not approving an extension of Sullivent's current medical leave of absence because Sullivent was not being seen by Dr. Kurt, the plant physician, on a regular basis (at least once every six weeks). Pittman requested that Sullivent make immediate arrangements to see Dr. Kurt and stated that, after Sullivent had been examined by Dr. Kurt, Pittman would reconsider Sullivent's current medical leave of absence extension request. When Sullivent refused to be examined, Pittman sent another letter, dated April 21, 1986, to Sullivent, with a copy to the Union, informing Sullivent that, if he did not "make arrangements to have an examination by Dr. Kurt prior to May 5, 1986, then [his] discharge ... will be effective on May 5, 1986." Pittman relied on a violation of Plant C rule number 18, dealing with disobedience, insubordination, or refusing to perform work or carry out reasonable assignments or instructions, as authorization for Sullivent's discharge.

On April 29, 1986, appellants filed an original and class-action petition against Johnson, Wausau, and American, who had become Johnson's workers' compensation carrier on October 1, 1985. They alleged that Johnson's practice of requiring physical examinations of occupationally injured employees and its expressed intent to terminate Sullivent and other injured employees who were similarly situated for failure to appear before the plant physician for the purpose of an examination violated the Texas Workers' Compensation Act (the Act), including but not limited to articles 8306, section 7 and 8307, section 4, and the Industrial Accident Board (IAB) Rules. Appellants further alleged that Johnson tortiously interfered with Sullivent's contractual relationship with his lawyer by communicating directly with Sullivent con-

cerning his occupational injury instead of communicating with his chosen legal representative.

Appellants also alleged that the actions of Wausau and American not only violated the Act, including but not limited to articles 8306, section 7 and 8307, section 4 and the IAB Rules, but also the Deceptive Trade Practices–Consumer Protection Act (DTPA) and section 21.21 of the Insurance Code. They further alleged that Wausau and American "colluded and conspired" with Johnson to intentionally violate appellants' rights under the Act and to tortiously interfere with Sullivent's contract for legal services. Appellants prayed for a temporary restraining order, temporary and permanent injunctive relief, a declaratory judgment, damages against all three defendants for the alleged tortious interference with Sullivent's contract with his attorney, and damages against Wausau and American for violation of the DTPA and the Insurance Code.

Following service of process, Johnson removed the case to federal court, alleging that the causes of action were preempted by federal law because Johnson was governed by the collective bargaining agreement. The federal court remanded the case to the state trial court, holding that the causes of action alleged by appellants arise under the workers' compensation laws of Texas.

On August 5, 1986, appellants filed a motion for partial summary judgment on the issue of liability for alleged violations of articles 8306, section 7 and 8307, section 4. On September 12 and 16, 1986, American and Johnson, respectively, filed their motions for summary judgment. On January 26, 1987, the trial court denied appellants' partial motion, granted Johnson's and American's motions for summary judgment, and ordered all reference to a purported class action by plaintiffs be eliminated and removed from the pleadings remaining on file with the court. These judgments were interlocutory because Wausau remained a party to the litigation. On November 12, 1987, appellants filed a first amended original and class action petition.

On December 11, 1987, the trial court ordered that all references to Johnson and American and all references to a class action in the amended petition be stricken and that the claims against Johnson and American be severed and dismissed. On March 8, 1988, the trial court severed appellants' claims against Johnson and American from their claims against Wausau, thus finalizing the previously granted interlocutory summary judgments. Appellants perfected their appeal from this order on June 2, 1988.

On January 30, 1989, Johnson filed a motion to dismiss the appeal, alleging that a subsequent arbitration decision in its favor on October 21, 1988, preempted appellants' causes of action under the Act; American filed a motion to dismiss on February 13, 1989. By order dated May 4, 1989, this Court dismissed the appeal with prejudice. The Supreme Court of Texas reversed and remanded the cause to this Court for consideration of appellants' points of error. *International Union v. Johnson Controls, Inc.*, 786 S.W.2d 265 (Tex.1990) (per curiam).

## STANDARD OF REVIEW

■■ Any party may move for a summary judgment under rule 166a of the Texas Rules of Civil Procedure. When both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *The Atrium v. Kenwin Shops of Crockett*, 666 S.W.2d 315, 318 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). An order denying a motion for summary judgment is not appealable except, as here, when both parties have filed a motion for summary judgment and the court has granted one of the motions and overruled the other. *Garcia v. City of Lubbock*, 634 S.W.2d 776, 780 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).

The Texas Supreme Court has established the following standards for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■■ To establish a right to recover as a matter of law, the plaintiff as movant must prove conclusively all elements of its cause of action. *Plano Indep. School Dist. v. Oake*, 682 S.W.2d 359, 364 (Tex. App.—Dallas 1984), *rev'd on other grounds*, 692 S.W.2d 454 (Tex.1985). For the defendant as movant to prevail on a summary judgment, he must either (1) disprove at least one element of plaintiff's theory of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Traylor v. Unitedbank Orange*, 675 S.W.2d 802, 804 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). In a summary judgment case, the question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

## NATURE OF THE CASE

■ In their original petition, appellants alleged two theories of recovery pursuant to article 8307c based upon Johnson's demand that Sullivent be examined against his will by the plant physician and its threat to terminate him for refusing to be

examined. Article 8307c provides in pertinent part:

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

\* \* \* \* \* \*

Section 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

First, appellants contend that Johnson's actions violated Sullivent's statutory right under the Act to refuse an examination unless authorized by the IAB and his right to choose his treating physician. *See* TEX. REV.CIV.STAT.ANN. arts. 8306, section 7 (employee has sole right to select or choose the persons or facilities to furnish medical aid) & 8307, section 4 (authorizes IAB to require claimant to submit to examination before it or someone acting under its authority and to an examination by a physician of insurance carrier's choice). Appellants urge that they sought to have the district court restrain Johnson's alleged violation of articles 8306, section 7 and 8307, section 4 pursuant to article 8307c, section 3.

Second, appellants contend that Johnson's demand and threat described above violated article 8307c, section 1 since Johnson was attempting to discharge Sullivent because he had "instituted, or caused to be instituted," a proceeding under the Act when he asserted his medical benefits rights pursuant to articles 8306, section 7 and 8307, section 4 by refusing to be examined by the company physician prior to being released to return to work. They also maintain that, to obtain a leave of absence extension, only occupationally injured employees have been required by Johnson to submit to examination by the plant physician prior to being released by

their treating physician to return to work.[3] These assertions under article 8307c, section 1 are independent of appellants' claim of statutory violations and request that the district court restrain violations of the Act pursuant to article 8307c, section 3.

We note that Johnson's arguments in the trial court and on appeal are based on its allegation that the claims asserted by appellants in the original petition are based only on articles 8306, section 7 and 8307, section 4 of the Act and do not involve a claim of wrongful discharge or discrimination under article 8307c, section 1. The fact that the original petition does not specifically mention article 8307c is not determinative. In the original petition, appellants allege that Johnson "began harassing and intimidating [Sullivent] by demanding that [he] appear at [Johnson's] manufacturing plant and submit to an examination by [Johnson's] plant physician against [his] will and desire ... [Johnson] informed [Sullivent] that his failure [to be examined] would result in his termination...." They further allege that:

[Johnson] also notified [the Union] of its policy and intent to terminate Plaintiff Sullivent and other injured employees who were similarly situated in the event they failed to appear before [Johnson's] plant physician for the purpose of an examination.

\* \* \* \* \* \*

As a direct and proximate result of [Johnson's] past intended, stated and imminent conduct concerning occupationally injured employees and the procedures associated with handling their claims as above described, [Sullivent and Union members] have endured and have suffered harassment, intimidation and threats causing mental anguish and emotional anxieties.

These allegations are sufficient to allege a cause of action pursuant to article 8307c, section 1 in the absence of special exceptions. Appellants also allege that Johnson tortiously interfered with Sullivent's con-

---

**3.** Appellants do not challenge Johnson's right to require physical examinations of occupationally injured employees released by their treating physicians to return to work.

tract for legal services because Johnson communicated directly with him concerning his occupational injury, despite having specific notice and knowledge that Sullivent had retained an attorney.

## POINT OF ERROR ONE

■ In the first point of error, appellants contend that the trial court erred in granting Johnson's and American's motions for summary judgment because neither judgment is supported by any of the grounds specifically set forth in the respective motions. Because the trial court's order granting summary judgments to Johnson and American does not state the grounds upon which the respective motions were granted, appellants must show that each of the independent arguments alleged in the motions is insufficient to support summary judgment. *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

Johnson's Motion for Summary Judgment

■ Johnson's motion specifies three grounds for summary judgment on appellants' claims under the Act and three grounds on Sullivent's claim of tortious interference with his contract for legal services. First, Johnson alleges that appellants' objection to Johnson's leave of absence policy, work rule requiring a physical examination, and threatened discharge of Sullivent are contractual disputes under the collective bargaining agreement and that appellants' failure to file a grievance under the contract bars them from instituting this action. In their response to Johnson's motion, appellants contend that Johnson's characterization of their claims was incorrect and that, rather than concerning the company leave of absence policy, they were seeking remedies and relief from Johnson's interference with their rights under, and its violations of, the Act, including articles 8306, section 7; 8307, section 4; and article 8307c. On appeal, they assert that all of their claims concern interpretation and application of the Act and do not concern the effect, interpretation, and application of the collective bargaining agree-

ment; consequently, they maintain, they were not required to exhaust the contractual remedies available under the collective bargaining agreement before bringing this suit. We agree with appellants.

The United States Supreme Court has held that state causes of action concerning labor disputes are permissible as long as such suits do not involve the interpretation of collective bargaining agreements, a matter exclusively for the federal courts. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404, 108 S.Ct. 1877, 1880, 100 L.Ed.2d 410 (1988). Further, our supreme court has held that federal law does not preempt a cause of action for wrongful discharge under article 8307c. *Ruiz v. Miller Curtain Co., Inc.*, 702 S.W.2d 183, 185 (Tex.1985), *cert. denied*, 478 U.S. 1004, 106 S.Ct. 3295, 92 L.Ed.2d 710 (1986). Finally, in this case, the Texas Supreme Court has characterized Sullivent's suit as one for wrongful discharge under Article 8307c and has ruled that the subsequent arbitration award herein did not preempt Sullivent's cause of action under the Act. Because Sullivent's claims arise under the Act and are independent of the collective bargaining agreement, they are not barred by appellants' failure to file a grievance under the contract.

Second, Johnson alleged that the trial court did not have jurisdiction over appellants' contentions that Johnson's requirement of physical examinations of occupationally injured employees violated articles 8306, section 7 and 8307, section 4 of the Act, because Sullivent had not exhausted his administrative remedies under the Act. Johnson relies on article 8307, section 5, which provides that "[a]ll questions arising under this law, if not settled by agreement of the parties interested therein, ... shall, except as otherwise provided, be determined by the [IAB]." Johnson acknowledges that article 8307c, section 3 creates a specific jurisdictional exception, but maintains that it applies only to discrimination lawsuits. It argues that the statutory violations alleged by appellants raise questions "under this law" regarding the subject of medical treatment and physical ex-

aminations, that the IAB has special expertise in this area, and that, therefore, the IAB has primary jurisdiction to determine whether Johnson's requirement of a physical examination under the facts of this case violated the articles cited. *Garcia v. Travelers Ins. Co.*, 365 S.W.2d 916 (Tex.1963).

We agree with appellants that their claims based on violation of Sullivent's alleged medical benefit rights are not within article 8307, section 5. The phrase "parties interested" contained in that section of article 8307 does not include an employer. *Mike Hooks, Inc. v. Pena*, 313 F.2d 696, 701 (5th Cir.1963). The phrase comprehends only the injured employee as a claimant and the insurance carrier. *Id.* at 702. Further, the IAB possesses only those powers which are conferred upon it by statute. *Booth v. Texas Employers Ins. Ass'n.*, 132 Tex. 237, 123 S.W.2d 322, 326 (Tex.Comm.App.1938). Any matters not given exclusively to the IAB by statute are within the jurisdiction and power of the district court. *See Kinsey v. Northern Ins. Co. of New York*, 577 S.W.2d 353, 355 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The IAB has not been given any adjudicatory responsibilities over the employer. *Mike Hooks, Inc.*, 313 F.2d at 701.

Appellants contend that article 8307c, section 3 gives the district court jurisdiction to enjoin a violation of all articles under the Act, not just a violation of section 1 of the same article and that, therefore, the district court has jurisdiction of their claims that Johnson violated Sullivent's statutory medical rights. We need not address whether article 8307c, section 3 gives the district court jurisdiction of violations of articles 8306, section 7 and 8307, section 4 because we determine for the following reasons that the district court had inherent power to hear appellants' causes of action for these alleged statutory violations. These claims involve the issue of whether articles 8306, section 7 and 8307, section 4 give Sullivent the rights alleged by appellants. The resolution of this issue involves construction of the statutes cited, which presents a question of law. Where the issue is one inherently judicial in nature, the courts are not ousted from jurisdiction unless the legislature, by a valid statute, has explicitly granted exclusive jurisdiction to the administrative body. *Gregg v. Delhi–Taylor Oil Corp.*, 162 Tex. 26, 344 S.W.2d 411, 415 (1961). A question of law is primarily judicial in nature. We find no delegation of exclusive jurisdiction to the IAB over the claims presented in this case. Consequently, we hold that the district court had jurisdiction over appellants' claims of statutory violations of the Act. Thus, Johnson's contention that appellants were required to exhaust their administrative remedies did not support its motion for summary judgment.

Third, Johnson alleged that articles 8306, section 7 and 8307, section 4 do not apply to employers, but are expressly limited to insurance carriers. Johnson argues that the summary judgment evidence shows as a matter of law that its examination policy does not violate the cited statutes. Johnson asserts that articles 8306, section 7 and 8307, section 4, by their express language, deal only with the situation where an insurance carrier attempts to require a workers' compensation claimant to be examined or treated by a physician of the carrier's choosing in connection with a claimant's workers' compensation claim. The situation in this case, Johnson argues, concerns an employer's request that its employee be examined by the company doctor in connection with the employee's request for an extension of his leave of absence. Appellants contend that Johnson's argument would allow employers to interfere with an injured employee's medical rights and benefits under the Act. They urge that the Act should be construed liberally in favor of the employee, that the Act governs dealings between an employee and an employer, and that by implication the Act becomes part of the contract between the employee and the employer. *See Miears v. Industrial Accident Bd.*, 149 Tex. 270, 232 S.W.2d 671, 675 (1950) (Act construed liberally in favor of injured employee); *Patton v. New Amsterdam Casualty Co*, 36 S.W.2d 1000, 1001 (Tex.1931) (existing statutes become part of contract). While we do not dis-

agree with the principles relied on by appellants, those arguments do not support their position in this case.

Article 8306, section 7 of the Act requires the "association"[4] to furnish necessary medical services to employees who suffer occupational injuries and allows the employee to choose his treating physician. Article 8307, section 4 provides that the IAB may require a claimant to submit to an examination before it or someone acting under its authority or may authorize the association to have any injured employee examined by a physician or chiropractor of the association's own selection; refusal of the employee to submit to such examination deprives the employee of the right to compensation during the continuance of such refusal.

■■■■ Although the Act should be construed liberally, such liberality of construction applies only to those classes of persons specified in the Act. *Rogers v. Texas Employers Ins. Ass'n,* 224 S.W.2d 723, 725 (Tex.Civ.App.—Fort Worth 1949, writ ref'd). The scope of a statute is limited to those persons specifically referred to in the statute. *Shoppers World, Inc. v. Texas,* 373 S.W.2d 374, 377 (Tex.Civ.App.—San Antonio 1963), *aff'd,* 380 S.W.2d 107 (Tex.1964); *Rogers,* 224 S.W.2d at 725. The relevant portions of the Act relied on by appellants focus on the rights and obligations of the "association." An employer is not included within the definition of "association." We hold that articles 8306, section 7 and 8307, section 4 do not apply to employers. Although appellants argue that Johnson tortiously interfered with the statutory rights granted Sullivent under these articles, we need not address this contention because Sullivent had not pled this cause of action at the time of the summary judgment hearing. On our record, we hold only that appellants' cause of action for violation of the rights granted Sullivent by these articles will lie only against the association and not against an employer. Consequently, we overrule appellants' point one as to their claims based on the violation of Sullivent's alleged statutory medical benefit rights.

■■■■ Johnson's last three grounds address appellants' cause of action for tortious interference with Sullivent's contract for legal services. In order to establish tortious interference, the plaintiff must show an intentional invasion of or interference with property, property rights, personal rights, or personal liberties causing injury. *Cooper v. Steen,* 318 S.W.2d 750, 753 (Tex.Civ.App.—Dallas 1958, no writ). The privilege of legal justification or excuse is an affirmative defense to a claim of tortious interference. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989).

In its fourth ground, Johnson alleged that federal labor law preempted state action based on appellants' allegation of tortious interference with Sullivent's contract for legal services. Specifically, Johnson argued that the Union was Sullivent's exclusive representative in dealings with Johnson, that under federal labor law employers are prohibited from negotiating with any other spokesman regarding the terms and conditions of employment, and that it is an unfair labor practice under the National Labor Relations Act (NLRA), 29 U.S.C. § 141 *et seq.,* for it to deal with anyone other than the duly elected union representative for all employees.

■■■■ We agree with Johnson that under the NLRA the Union is the exclusive bargaining representative of all employees *in employment related matters.* Johnson's correspondence and communication directly to Sullivent also related to his status as an occupationally injured employee. Sullivent notified Johnson to communicate with his attorney regarding its demands for a physical examination and that he had chosen a legal representative to handle his rights and remedies under the Act. Thus, in this case, the NLRA does not preempt Sullivent's claim of tortious interference with his contract with his lawyer because the

---

**4.** "Association" means the Texas Employers' Insurance Association or other insurance company authorized under the Act to insure payment of compensation to injured employees.

matters asserted do not involve the terms and conditions of his employment.

 Fifth, Johnson alleges that summary judgment is appropriate where the defendant's actions were based on a colorable legal right. Johnson asserts that its failure to include Sullivent's private attorney in correspondence and communications regarding Sullivent's employment status was based on the good faith belief that under the collective bargaining agreement and federal labor law Johnson was only required to communicate with its employees and the Union. Justification or excuse is an affirmative defense which must be proven by the defendant. *Sterner,* 767 S.W.2d at 690. Under the defense of legal justification or excuse, one is privileged to interfere with another's contract if: (1) it is done in a bona fide exercise of his own rights; or (2) he has an equal or superior right in the subject matter to that of the other party. *Id.* at 691.

 The summary judgment evidence raises a question of fact concerning Johnson's motivation in demanding that Sullivent be examined against his will by the plant physician before being released by his treating physician to return to work and in threatening to terminate him for refusing. The evidence is conflicting on whether only occupationally injured employees were required to be examined by the plant physician prior to being released by their treating physician to return to work. Likewise, there is a question of fact regarding whether Johnson deliberately bypassed Sullivent's private counsel by communicating and corresponding directly with Sullivent in an attempt to pressure Sullivent into submitting to a physical examination against his will. Further, Johnson's summary judgment evidence concerning Sullivent's tortious interference claim states only that no Johnson representative ever attempted to persuade Sullivent to terminate his dealings with his private attorney or to dissuade Sullivent's private attorney from representing him. This evidence does not establish as a matter of law that Johnson acted in a "good faith belief"

as alleged in this ground for summary judgment.

 Sixth, Johnson alleges that appellants' pleadings in this case show that they currently are represented by the same law firm, thus negating any inference of tortious interference because the contract with the law firm is still in existence and has not been disrupted. The fact that Sullivent still is represented by the same law firm does not preclude a claim for tortious interference. It is not necessary that the alleged tortious conduct result in an actual breach or cessation of the contractual relationship. *See Hughes v. Houston N.W. Medical Center,* 680 S.W.2d 838, 842 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). It is sufficient that the tortious conduct make performance more burdensome or difficult. *Id.* Jon Lawrence, Johnson's plant manager, states in his affidavit that Johnson representatives neither informed Sullivent that he should terminate his dealings with his private attorney nor attempted to dissuade Sullivent's private attorney from representing Sullivent. These facts, even if true, are not dispositive.

We conclude that there exist genuine issues of material fact as to: (1) Johnson's motive in demanding that Sullivent be examined by the company physician prior to being released to return to work and in threatening to terminate him for his refusal to be examined, *i.e.,* whether Johnson violated article 8307c, section 1 by discriminating against Sullivent because he instituted a claim under the Act; and (2) whether Johnson's failure to correspond with Sullivent's private attorney was based on a "good faith belief" in its alleged colorable right to do so. Thus, we hold that the trial court erred in granting Johnson's motion for summary judgment on appellants' actions for wrongful discharge or discrimination under article 8307c, section 1 and for tortious interference with Sullivent's contract for legal services. In concluding that the trial court erred in granting Johnson's motion for summary judgment on appellant's claim for tortious interference with Sullivent's contract for legal services, we

do not hold that mere communication with a person represented by an attorney is grounds for a claim of tortious interference. We hold only that the specific grounds alleged by Johnson do not support the summary judgment on this claim in this case.

### American's Motion for Summary Judgment

American set forth four grounds in support of its motion for summary judgment. The first two grounds alleged that:

Paragraphs I–V of the Petition allege no acts of [American], but allege acts only of [Johnson], or of [Wausau],

\* \* \* \* \* \*

Paragraph VI of the Petition refers to "Defendants' acts" but no acts of [American] are alleged, and only acts of [Wausau] are alleged. Further, the only claim for relief against [American] attempted to be alleged by the Petition is contained in Paragraph VI that "[American has] colluded and conspired with [Johnson] to intentional[l]y violate [Sullivent's] rights under the Texas Workers' Compensation Act." These allegations are pure legal conclusions and assert no facts or acts of [American]. The Petition fails to state a claim for relief against [American].

■ Whether pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex.App.—Dallas 1986, no writ). Only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action. *Massey*, 652 S.W.2d at 934. The protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where the plaintiffs' pleadings fail to state a cause of action. *Id.*

■ American also asserted that it did not begin workers' compensation coverage of Johnson until after Sullivent's occupational injury. American submitted the affidavit of Kraig Knox, an American claims supervisor, which states that Sullivent's alleged accident occurred on October 10, 1984 and that American did not begin workers' compensation coverage for Johnson until October 1, 1985. Nothing in the summary judgment record establishes how, even if true, American's contention would entitle it to summary judgment as a matter of law. The acts alleged by appellants to constitute the basis of their claims occurred while American was Johnson's workers' compensation insurance carrier. American's allegation and supporting affidavit do not establish as a matter of law that American did not collude and conspire with Johnson to discharge or discriminate against Sullivent in violation of article 8307c, section 1.

■ Finally, American alleged that it had no relation to the collective bargaining agreement and that appellants must first raise their claims to the IAB or a state court having jurisdiction over Sullivent's claim for workers' compensation. The 8307c, section 1 claim does not involve the collective bargaining agreement or require exhaustion of administrative remedies. However, as we have previously held, insofar as appellants' claims are based upon alleged violations of Sullivent's rights under articles 8306, section 7 and 8307, section 4, the trial court properly granted summary judgment against appellants because these provisions do not apply to employers. We conclude that American was entitled to judgment as a matter of law only on appellants' claims that it had conspired and colluded to violate articles 8306, section 7 and 8307, section 4 of the Act. As to the other causes of action asserted by appellants against American, we conclude that American was not entitled to judgment as a matter of law on any of the grounds alleged in its motion for summary judgment.

We sustain the first point insofar as the trial court granted American's and Johnson's respective motions for summary judgment on appellants' claims for violation of article 8307c, section 1 and tortious interference with Sullivent's contract for legal services. We overrule appellants' first

**570**

point insofar as the trial court granted Johnson's and American's motions for summary judgment on appellants' claim that Johnson and American violated articles 8306, section 7 and 8307, section 4.

### POINT OF ERROR TWO

In the second point, appellants contend that the trial court erred in denying their motion for partial summary judgment on the issue of liability only. The motion was limited to seeking an order adjudging Johnson's conduct to be in violation of articles 8306, section 7 and 8307, section 4 of the Act. Because we hold that the trial court did not err in granting Johnson's motion for summary judgment on appellants' claim pursuant to articles 8306, section 7 and 8307, section 4, we also hold that the trial court did not err in denying appellants' motion for partial summary judgment on the same claim. We overrule the second point.

The trial court's judgment is affirmed in part and reversed and remanded in part.