Jesus SERVANTEZ, Appellant,

v.

Cruz AGUIRRE, Appellee.

No. 14880.

Court of Civil Appeals of Texas, San Antonio.

June 17, 1970.

Hope, Henderson, Hohman & Georges, San Antonio, for appellant.

Tinsman & Cunningham, Inc., San Antonio, for appellee.

BARROW, Chief Justice.

This is a dispute over death benefits provided under the Texas Workmen's Compensation Act between appellee, who is the natural mother of deceased, and appellant, who is the dependent grandfather of deceased, but sues herein as the adoptive father. The trial court granted appellee's motion for summary judgment based on the deposition testimony of appellant that he had never adopted the deceased in accordance with the Texas Adoption Statute.[1]

Since this is an appeal from the granting of a summary judgment, we must accept as true all facts contained in the controverting affidavits filed on behalf of appellant, Jesus Servantez, and must consider all facts presented in the light most favorable to him. The deceased, Joe S. Whats, a/k/a Joe S. Watts, was the illegitimate son of appellee, Cruz Aguirre. About seven days after his birth, appellee left the child in the home of her parents, appellant and his wife. Appellant and his wife, who died

1. Article 46a, Vernon's Ann.Civ.St.

about two years before Joe's death, raised Joe like a son. Joe referred to the other Servantez children as his brothers and sisters. Joe lived with appellant until his death at the age of twenty-four years, and during such time he referred to appellant and his wife as "Poppa" and "Mama." Appellee visited the child only once or twice and never contributed to his support. Once appellant suggested that Joe should go visit his mother and he refused. It is undisputed that appellant never adopted Joe and, in fact, he admitted in his deposition testimony that he and his wife made no agreement with appellee to adopt Joe. Joe was never married.

Art. 8306, Sec. 8a, Vernon's Ann.Civ.St., provides in part, that death benefits "shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé; * * * and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; * * *."

■ Under the provisions of the statute, it was necessary to cut off the rights of the natural mother before appellant could recover in the capacity of dependent grandfather. The statute makes no provision for dependency insofar as the rights of the mother to recover benefits is concerned. Nor is there any statutory provision for abandonment by the mother as is provided for in the case of a surviving spouse. Therefore, appellant seeks recovery in his capacity as the alleged adoptive father of the deceased.

In Patton v. Shamburger, 431 S.W.2d 506 (Tex.Sup.1968), it was held that upon *legal adoption*, the family relationships between the natural parent and the adopted children cease and determine. Thus said adopted children were not entitled to Workmen's Compensation death benefits paid by reason of the death of their natural father. See also Zanella v. Superior Insurance Company, 443 S.W.2d 95 (Tex.Civ. App.—Eastland 1969, writ refused). It must be emphasized that both of these cases involved a *legal adoption* under the provisions of Art. 46a, Vernon's Ann.Civ.St.

■ Here appellant concedes that the deceased was never legally adopted under the provisions of the above statute, but urges that a fact issue is raised which would support a finding of an adoption by estoppel. Sec. 3(b) of the Texas Probate Code, V.A.T.S. expressly recognizes an adoption by acts of estoppel. In Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972 (1951), the Supreme Court set forth the requisites of an adoption by estoppel. It was held that it was incumbent upon the party asserting such an adoption to plead and prove: (1) that the adoptive parent executed, acknowledged and filed a statutory instrument of adoption in the office of the County Clerk, or (2) that such party undertook to effect a statutory adoption but failed to do so because of some defect in the instrument of adoption or in its execution or acknowledgment, or because of failure to record it; or (3) that such adoptive parent agreed with the child, or with the child's parents or with some other person in loco parentis that such party would adopt the child. It was pointed out that in no case had the Supreme Court upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt. See also Malone v. Dixon, 410 S.W.2d 278 (Tex.Civ. App.—Eastland 1966, writ ref'd n. r. e.); House v. House, 222 S.W.2d 337 (Tex.Civ. App.—Texarkana 1949, no writ); Price v. Price, 217 S.W.2d 905 (Tex.Civ.App.— Amarillo 1949, writ ref'd n. r. e.).

**470**

Here appellant by his own testimony denied any agreement to adopt the deceased. He urges, however, that other inferences would support such an agreement. A somewhat similar situation was presented in Clack v. Williams, 189 S.W.2d 503 (Tex.Civ.App.—San Antonio 1945, writ ref'd w. o. m.), where it was held that a common-law marriage could not be implied where the party relying upon same testified that such relationship never existed. Thus appellant cannot rely on an adoption by estoppel in view of his own sworn denial that there was an agreement to adopt the minor child.

The court properly rejected the claim of appellant as the adoptive father by estoppel for an additional reason. In Heien v. Crabtree, 369 S.W.2d 28 (Tex.Sup. 1963), the Supreme Court considered the question of whether a legal status of parent and child is created by parties assuming and living in a relationship of parent and child pursuant to an unperformed agreement to adopt the child. It was there held that "equitable estoppel" or "adoption by estoppel" does not create the same legal status as legal adoption and it does not have all of the legal consequences of a statutory adoption. Thus the adoptive parents were not heirs at law of the deceased child. See also Asbeck v. Asbeck, 369 S.W.2d 915 (Tex.Sup.1963).

In Consolidated Underwriters v. Ward, 57 S.W.2d 964 (Tex.Civ.App.—San Antonio 1933, writ ref'd), the Court held that an aunt could not recover death benefits under the compensation statute although she stood in loco parentis of said deceased and had reared him throughout childhood.

The trial court did not err in granting summary judgment that the natural mother was entitled to the death benefits under the compensation statute. The judgment is affirmed.