OPINION OF THE COURT
Millard L. Midonick, J.
In this accounting proceeding a hearing was held before a Law Assistant-Referee. Objectants claim to be nieces and nephews of Leon Corey Riggs, a stepfather of decedent who allegedly adopted her. Previously, one objectant had sought an advance payment of a distributive share and had submitted evidence to establish an adoption, but no adoption record was presented. This court found that the petitioner therein had not sustained his burden of proof (Matter of Riggs, 68 Misc 2d 760, 763). No adoption record has *645 been found since then but now objectants claim that there was an equitable adoption under the laws of New Jersey which allow objectants to inherit from decedent.
The first issue to be resolved is whether the relatives of an alleged adoptive father can inherit from the adoptee. Clearly, if the adoption takes place pursuant to the statute, the adoptee is considered the same as a natural child and his or her distributees are determined from those related in the adoptive family. (EPTL 4-1.1, subd [f]; Domestic Relations Law, § 117.) New Jersey similarly so provides (NJ Stat Ann, § 30, subd B).
Objectants’ position is that an equitable adoption creates the same rights for inheritance purposes as if adopted statutorily. For the purposes of the discussion hereinafter, the court accepts the allegations of objectants to be true that Leon Corey Riggs, who died in 1920, equitably adopted in New Jersey the decedent, who was his stepdaughter.
What is an equitable adoption? The courts in New Jersey do not specifically use that term, although others, who have interpreted the laws of New Jersey have described the applicable doctrine as an “ ‘equitable adoption’.” (Matter of Jarboe, 235 F Supp 505, 507.) Using the language of a leading case in New Jersey, the rule applied is best stated as follows: “[A]n oral agreement to adopt, where there has been a full and faithful performance on the part of the adoptive child but which was never consummated by formal adoption proceedings during the life of the adoptive parent, will, upon the death of the latter and when equity and justice so requires, be enforced to the extent of decreeing that such child occupies in equity the status of an adopted child, entitled to the same right of inheritance from so much of his foster-parent’s estate that remains undisposed of by will or otherwise, as he would have been had he been a natural born child.” (Burdick v Grimshaw, 113 NJ Eq 591, 595.) Therefore, the doctrine to be applied is an oral, written or implied contract right which is enforced in equity (Burdick v Grimshaw, supra; Ashman v Madigan, 40 NJ Super 147; Hendershot v Hendershot, 135 NJ Eq 232). By granting specific performance the court of equity is “considering as done that which ought to be done” *646 (Burdick v Grimshaw, supra, p 596). As a result the term equitable adoption is a shorthand way of describing an equitable result. However, each of these cases involved a claim by or on behalf of the alleged adopted child against the alleged adoptive parent’s estate. No case from the courts of the State of New Jersey has been cited, found by this court or referred to by objectants’ expert witness, who is a former Judge in New Jersey and leading authority in this area of the law, which decides the issue of whether the contract can be enforced by others, so as to permit the relatives of the alleged adoptive parent to inherit from the alleged adoptee. The testimony of-this expert witness, referring to the above cases as well as others in the New Jersey courts, was that a court in New Jersey would permit the relatives of the adoptive parent to inherit. However, that issue was never decided therein and there are no dicta which so indicate.
This equitable principle which is sought to be enforced is or has been applied or acknowledged in numerous other States, including New York (e.g., Middleworth v Ordway, 191 NY 404; Robinson v Robinson, 283 Ala 257; Matter of Lamfrom, 90 Ariz 363; Chavez v Shea, 185 Col 400; Sheffield v Barry, 153 Fla 144; Baker v Henderson, 208 Ga 698; Monahan v Monahan, 14 Ill 2d 449; Matter of Van Cleave, 610 SW2d 620 [Mo]; Heien v Crabtree, 369 SW2d 28 [Tex]; Whitchurch v Perry, 137 Vt 464; Wheeling Dollar Sav. & Trust Co. v Singer, _W Va _, 250 SE2d 369). Even the Federal courts have acknowledged the enforcement of contracts for adoption under the State laws which are applicable (e.g., Kuchenig v California Co., 410 F2d 222, cert den 396 US 887; Roberts v Roberts, 223 F 775, cert den 239 US 639; Williams v Richardson, 523 F2d 999; Matter of McConnell, 268 F Supp 346, affd sub nom. Prather v District of Columbia, 393 F2d 665; Matter of Jarboe, 235 F Supp 505, supra). However, no jurisdiction has permitted the adoptive parent or the heirs of the adoptive parent to claim the estate of the alleged adoptee, such a request having been denied each time (Matter of Jarboe, supra; Baker v Henderson, 208 Ga 698, supra; Heien v Crabtree, 369 SW2d 28 [Tex], supra; Adler v Moran, 549 SW2d 760, revd on other grounds 570 SW2d 883 [Tex]; Moorman v *647 Hunnicutt, 325 SW2d 941 [Tex]; Rumans v Lighthizer, 363 Mo 125). Some courts have stated as dicta that the adoptive parent or his heirs cannot make a claim (Kuchenig v California Co., 410 F2d 222, supra; Williams v Richardson, 523 F2d 999 supra, concurring opn; Matter of McConnell, 268 F Supp 346, supra) and others have denied an alleged adoptive parent the right to bring a wrongful death cause of action (Whitchurch v Perry, 137 Vt 464, supra), the right of the alleged adoptive patent to workers’ compensation benefits (Servantez v Aguirre, 456 SW2d 467 [Tex]) or the right of the alleged adoptive parent to aid for dependent children (Chavez v Shea, 185 Col 400, supra; Tellis v Saucier, 133 Ga App 779).
The rationale of each of the courts in denying relief, other than in favor of the alleged adoptee against the alleged adoptive parent or the estate, was that the enforcement of a contract right by specific performance, in equity, does not alter the status of the child and does not create a parent-child relationship with all of its legal consequences. Clearly, the alleged adoptee cannot compel an adoption (Matter of Bamber, 147 Misc 712) and a legal adoption is not created by the enforcement of a contract right, although the alleged adoptee has an interest in the intestate share of the property of the alleged adoptive parent. The purpose of the equitable principle is to estop the relatives from denying an adoption by the adoptive parent. Courts will enforce that which the adoptive parent should have done but failed to do. On the other hand, the parent who breached the agreement, by not adopting formally, cannot claim to be entitled to equity and his or her relatives have no greater rights (Heien v Crabtree, 369 SW2d 28, 30 [Tex], supra; Matter of Jarboe, 235 F Supp 505, 508-509, supra). Such parent cannot claim that the adoptee is estopped from denying the adoption by the adoptee’s acts, promises or conduct (Heien v Crabtree, supra; Matter of Jarboe, supra). It seems plain that a petition for adoption by a proposed adoptee does not lie.
All of the above cases as well as others indicate that the right to enforce the equitable adoption rule is limited to the alleged adoptee and is only as against the property of the alleged adoptive parent. The cases in New Jersey are no *648 different from these cases. To say that a court in New Jersey would permit heirs of the alleged adoptive parent to claim the property of the alleged adoptee is not a correct analysis of the case law. New Jersey courts would look to the decisions in sister States for support as the New Jersey Supreme Court did in the case of Burdick v Grimshaw (113 NJ Eq 591, supra). As evidenced by the decisions in other States and in the Federal courts, collaterals of the alleged adoptive parent would not have any rights to the adoptee’s property.
Consequently, this court finds that objectants have no rights to the decedent’s property on the theory of being related because of an equitable adoption or any equivalent principle or rule. The only way in which they can demonstrate their status is to submit a copy of the order of adoption Leon Corey Riggs purportedly obtained. Absent proof of adoption they are mere strangers to this estate.
Accordingly, the objections by alleged distributees are not sustained and are dismissed without prejudice to their right to prove a valid adoption and to establish their relationship to Leon Corey Riggs. The objections of the guardian ad litem to the account shall proceed to settlement.