In the Matter of the Estate of Rose F. Mazzeo, Deceased. Joseph Mazzeo, Appellant; Evelyn Ball, Respondent.

Third Department, July 28, 1983

### APPEARANCES OF COUNSEL

*R. Mark Goodman* for appellant.

*Marvin D. Parshall* (*Michael West* of counsel), for respondent.

### OPINION OF THE COURT

Mikoll, J.

Petitioner is the stepson of Rose Mazzeo and contends that he was raised by her. On February 5, 1982, petitioner filed a petition for adoption by his stepmother and his consent thereto. Prior to the signing of the order of adoption, Rose Mazzeo died. Respondent, a niece of Rose Mazzeo, filed a petition for letters of administration for decedent's estate, stating that Mrs. Mazzeo had no children and that her only surviving relatives were respondent and four other nieces. Letters of administration were granted to respondent on March 6, 1982. On March 17, 1982, petitioner moved by order to show cause to limit the letters of administration by enjoining distribution of assets of the

estate. Petitioner requested that he be granted letters of administration in that decedent had considered him as her son and that all requirements for an adult adoption had been met except for the signing of the order of adoption prior to her death. Respondent in her answer contends that decedent had not attempted to adopt petitioner and that the adoption papers were the result of fraud, undue influence and coercion.

By subsequent proceedings, the Surrogate decreed that petitioner's petition was to be deemed the commencement of an action to determine the validity of the adoption proceeding and set it for a hearing. The court subsequently ruled that a hearing was not necessary and held that no legal adoption had taken place and vacated its previous order limiting the letters of administration.

On appeal, petitioner argues that in adult adoptions the court cannot refuse to sign an adoption order once the requirements of section 115 of the Domestic Relations Law are complied with, since the "best interests" standard usually applied by the court in determining whether to sign an adoption order is inapplicable to adult adoptions and the Surrogate's act is merely ministerial.

While we concur that adult adoptions may be dealt with more liberally than child adoptions, no adoption may take place except as provided for in article 7 of the Domestic Relations Law. Adoption is in derogation of the common law and strict construction of the adoption statutes is generally required (12B Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, § 39.01 [3]; see, e.g., *Dennis T. v Joseph C.*, 82 AD2d 125, 128-129, mot to dismiss app granted 54 NY2d 1024). The signing of a final order of adoption is not merely a ministerial act. An adoption is not legally effective unless an order of adoption has been signed (see *Matter of Landon v Motorola, Inc.*, 38 AD2d 18). In adult adoptions, which are subject to the same statutory law as other adoptions (see Domestic Relations Law, §§ 114, 116), considerations of public policy, the moral and temporal interests of the person to be adopted, and whether the parties' purpose is neither insincere nor fraudulent have been considered by courts (see *Matter of Adult Anonymous II*, 88 AD2d 30). The last mentioned consideration, where we

deal with an aged and infirm person, as here, is particularly relevant in deciding whether an adoption should be granted. We conclude then that petitioner's adoption could not be deemed legally effective without a final order having been signed before the adopting parent's death.

Petitioner argues in the alternative that although an adoption may not have been accomplished, the doctrine of equitable adoption is applicable to allow petitioner to be issued letters of administration and to recover from the estate. The Surrogate rejected petitioner's equitable adoption argument and decreed that such a doctrine threatens the stability of decedent's estate. The Surrogate decided that petitioner had no standing in regard to the estate as decedent's adopted son and, in lifting its injunction to distribution of the estate, decreed that petitioner had no standing to contest distribution of the assets of the estate, thus clearing the way for a final settlement of the estate.

We conclude, however, that petitioner has properly raised a factual question as to his right as a creditor to make a claim against the estate under the theory of equitable adoption. The Surrogate's determination to the contrary is in error. The theory has been recognized in New York under limited circumstances (see *Middleworth v Ordway,* 191 NY 404; *Miller v Elliott,* 266 App Div 428; *Matter of Riggs,* 109 Misc 2d 644; *Matter of Bamber,* 147 Misc 712). This doctrine does not create a parent-child relationship with all its legal consequences and is not meant to create a legal adoption. Rather, equitable adoption is viewed in New York as a type of contract to make a will provision (see *Barrett v Miner,* 119 Misc 230, 233-234). To apply the doctrine of equitable adoption, the contract to be enforced must be definite and certain, be free of fraud, duress and misrepresentation, be equitable, have mutuality of obligations and remedies, and be founded upon consideration (12B Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, § 39.02). Proof of the contract must be clear and convincing (see *Holt v Tuite,* 188 NY 17).

Here, petitioner and decedent executed an agreement of adoption and consent. Whether the agreement and the circumstances of the case merit application of the doctrine

of equitable adoption is a factual question which must be resolved by a hearing. While petitioner may make a claim against the estate, he is but a creditor of the estate. As such, he has no standing to vacate the decree granting letters of administration to respondent but is entitled to pursue instead his claim against the estate as a creditor.

The order should be modified, on the law and the facts, by remitting the matter to the Surrogate's Court of Otsego County for a factual hearing to determine whether petitioner has a valid claim against the estate under a theory of equitable adoption prior to final settlement of the estate, and, as so modified, affirmed, without costs.

KANE, J. P., MAIN, YESAWICH, JR., and LEVINE, JJ., concur.

Order modified, on the law and the facts, by remitting the matter to the Surrogate's Court of Otsego County for a factual hearing to determine whether petitioner has a valid claim against the estate under a theory of equitable adoption prior to final settlement of the estate, and, as so modified, affirmed, without costs.