OPINION OF THE COURT
Ernest L. Signorelli, J.
This is a contested proceeding brought by an adult foster child of the decedent herein, on behalf of herself and her two foster siblings who are alleged to be mentally retarded, to enjoin the administrator of this estate from selling or otherwise disposing of the assets of the estate. Additionally, the petitioner seeks the invocation of the doctrine of equitable *104 adoption so that she and her foster siblings may share in the decedent’s estate. Finally, she requests a determination of the validity and amount of the foster children’s claim for services rendered to the decedent. The respondent administrator has made a motion to dismiss the petition on the ground that the pleading fails to state a cause of action. Moreover, he requests that the court’s order of November 3, 1986 restraining him from selling or otherwise disposing of estate assets be vacated or, in the alternative, that the petitioner be directed to give an undertaking in the amount of $200,000.
Decedent died intestate on June 12, 1986 survived by a brother, who was appointed administrator of her estate, and by a sister. The decedent’s spouse predeceased her having died in 1979. Although the decedent and her husband had no children from their marriage, they did have foster children, to wit, the petitioner and her incapacitated foster siblings, whom they raised from infancy. The petitioner left the decedent’s home shortly after she was married, but continued her relationship with the deceased. As for the incapacitated. foster children, they remained with the decedent until her demise. Petitioner is in the midst of applying for guardianship of her foster siblings. According to the petition filed in the administration proceeding, the primary asset in this estate is the decedent’s home. Essentially, it is this asset that the petitioner lays claim to and which she seeks to preserve.
Movant contends that the petitioner and her foster siblings were never formally adopted by the decedent, and that the petitioner has offered no evidence to support the claim of equitable adoption. Consequently, it is contended that her pleading fails to state a cause of action. In her opposing papers, the petitioner concedes that there was no formal adoption. However, she contends that, along with other evidence to support the claim of equitable adoption, the records of the New York Foundling Home, the institution that placed the petitioner and her foster siblings in the decedent’s foster care, contain an agreement between the decedent and the said institution wherein the decedent agreed to adopt the petitioner and her foster siblings.
SCPA 302 (2) provides that a pleading is legally sufficient, that is, it states a cause of action, if the statements therein are sufficiently particular to give notice of the claim, objection or defense asserted, and if the document indicates the relief being sought. On a motion to dismiss a pleading for failure to *105 state a cause of action, the court assumes that the allegations contained in the pleading are true and must determine from a reading of that document whether the pleader has a cause of action without resorting to or requiring the production of evidentiary matter to support the pleading (Rovello v Orofino Realty Co., 40 NY2d 633). Moreover, the affidavits attached to the petition herein as well as the affidavits in opposition to the instant motion may be utilized to preserve the said pleading (Kelly v Bank of Buffalo, 32 AD2d 875).
The court will now review the petition, the affidavits attached thereto, the affidavits in opposition to the motion to dismiss and the law applicable to the concept of equitable adoption to determine whether the petition states a cause of action. Equitable adoption is a doctrine of law that is recognized in this State (Middleworth v Ordway, 191 NY 404). In the Middleworth case, the Court of Appeals held that absent a formal adoption, where a decedent dies intestate and prior to his demise he had entered into an agreement with a child’s natural parents or with an agency or institution having the care and custody of the child (Gavin v Aitken, 258 NY 595; Miller v Elliott, 266 App Div 428), wherein the decedent agreed to adopt the child and to treat that child as he would treat a natural child of his, and the natural parents or the agency or institution as well as the child perform their part of the contract, to wit, a parent-child relationship is formed and carried on with the decedent, the child may inherit the share of the decedent’s intestate estate that he would have been entitled tó had he been formally adopted. This doctrine does not create a legal adoption by the decedent of the child, but is merely an exercise of the court’s equitable powers whereby a child is permitted to enforce the agreement to adopt made by the decedent and thereby acquire the rights in intestacy that he would have had if the decedent had complied with the said agreement (Matter of Mazzeo, 95 AD2d 91; Matter of Riggs, 109 Misc 2d 644).
Petitioner’s pleading and affidavits in support thereof and in opposition to the instant motion, contain allegations and statements that the decedent entered into an agreement with the institution having the care and custody of herself and her foster siblings wherein the decedent agreed to adopt them, and that she and the said foster siblings and the decedent formed a parent-child relationship. In addition, the petitioner seeks, on her behalf and on behalf of her foster siblings, to recover their respective intestate shares of this estate, as well *106 as compensation for services that were allegedly rendered to the decedent by the foster children.
Movant contends that decedent’s realty is vacant, uninsured and must be sold to pay estate expenses. The petitioner contends that she wants to preserve the decedent’s house for the benefit of her incapacitated foster siblings because that house is the only home they have known and the said foster siblings would feel displaced and would be financially hard pressed if they were forced to find other accommodations. Moreover, it is contended that the records of the Association for the Help of Retarded Children will disclose that decedent offered, during her lifetime, to convey her house to that organization in return for the said organization giving her incapacitated foster children a life estate in that property.
The court determines that the petition herein does state a cause of action, and pending the resolution of the issues raised in this litigation, the letters of administration issued to the respondent herein are hereby ordered restricted in that he is restrained from selling or otherwise disposing of the decedent’s real property and any other estate assets pending further order of the court.
Accordingly, the instant motion is denied.