OPINION OF THE COURT
Joseph J. Traficanti, Jr., J.
The court is requested to take an extraordinary step in a tragic situation occasioned by the unfortunate death of the copetitioner (the proposed adoptive father) in this matter. The *332 surviving copetitioner (the proposed adoptive mother) requests the court to authorize the adoption of the infant by the deceased copetitioner.
The proposed adoptive father signed the petition for adoption 20 days before his death. The petition and supporting documents were filed approximately one month after the proposed adoptive father’s death.
Adoption is in derogation of the common law; consequently, strict construction of Domestic Relations Law § 110, entitled "Who may adopt; effect of article” is required. (Matter of Mazzeo, 95 AD2d 91, 92.) Domestic Relations Law § 110 is clear that only persons capable of acquiring the rights and incurring the responsibilities of parenthood may adopt. Under the circumstances herein, such capability existed during the lifetime but terminated upon the death of the proposed adoptive father.
In order for an adoption to be effective, the order of adoption must be signed prior to the death of the adoptive parent. (Matter of Mazzeo, supra, at 92-93.) Although the court finds the pleas of the proposed adoptive mother (the surviving copetitioner) very compelling, the court cannot authorize the adoption by the deceased adoptive parent as such action is beyond the statutory jurisdiction of the court. The signing of a final order of adoption is not a ministerial act. (Matter of Mazzeo, supra.) It cannot be performed nunc pro tunc when the only step in the proceeding accomplished prior to the death of the copetitioner was the signing of his petition.
The application is denied in all respects.