■ In the Matter of MALE INFANT L. SHEILA K., Appellant. [722 NYS2d 764] —In a proceeding pursuant to Domestic Relations Law article 7, the petitioner appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated March 20, 2000, which denied her application, in effect, to declare, nunc pro tunc, that her deceased husband is the father of her adopted child.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

On or about July 28, 1999, the petitioner and her husband filed a petition for the adoption of a child they obtained through a private placement adoption. On October 19, 1999, prior to the expiration of the three-month waiting period, and before all necessary information was submitted to the Family Court, the petitioner's husband died after a very short illness. Notably, the home study was not ordered until November 18, 1999. The petition for adoption was amended to a single-parent adoption, all necessary investigations and reports were completed by the end of January 2000, and the Family Court issued a final order of adoption on February 18, 2000. At the final hearing, the petitioner requested that the Family Court issue a final order of adoption naming her deceased husband as the child's father. The Family Court denied the application in an order dated March 20, 2000, stating that it had no authority under the law to allow the adoption of a child by a deceased person. We affirm.

Contrary to the appellant's contention, the plain language of Domestic Relations Law article 7, which must be strictly construed as it is in derogation of common law (*see, Matter of Jacob,* 86 NY2d 651), demonstrates that only a person who is capable of acquiring the rights and responsibilities of a parent

may adopt another person (*see*, Domestic Relations Law § 110). A deceased person does not fit within that category (*see*, *Matter of Mazzeo*, 95 AD2d 91; *Matter of D. S.*, 160 Misc 2d 331; *Matter of Freud*, 69 Misc 2d 906). To the extent that the petitioner seeks a final order of adoption nunc pro tunc, such an order is not recognized in this State (*see*, *Matter of Mazzeo*, *supra*).

The petitioner's remaining contention is without merit. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.