OPINION OF THE COURT
Margarita López Torres, S.
*899 In this contested administration proceeding, decedent’s sister, the petitioner, moves pursuant to CPLR 3211 for summary judgment against the respondent who is the decedent’s daughter. The decedent, Lenola Johnson, died intestate on March 22, 2006.
The parties stipulated to the following facts for purposes of this motion.[1] The decedent gave birth to the respondent on February 4, 1960. On March 8, 1961, the respondent was adopted by a paternal aunt and her husband. Two years after the adoption, the decedent married the respondent’s father and subsequently divorced.[2] The respondent asserts that her right to inherit her mother’s estate was not severed by this intrafamily adoption and her inheritance is protected by Domestic Relations Law § 117 (1) (e), which reads as follows:
“Notwithstanding the provisions of paragraphs (a), (b) and (d) of this subdivision, as to estates of persons dying after the thirty-first day of August, nineteen hundred eighty-seven, if:
“(1) the decedent is the adoptive child’s birth grandparent or is a descendant of such grandparent, and
“(2) an adoptive parent (i) is married to the child’s birth parent, (ii) is the child’s birth grandparent, or (iii) is descended from such grandparent,
“the rights of an adoptive child to inheritance and succession from and through either birth parent shall not terminate upon the making of the order of adoption.” (Emphasis added.)
Both parties rely on this statute to support their positions.
Petitioner claims respondent’s right to inherit from her birth mother was severed when she was adopted by a paternal aunt. Petitioner does not dispute that the respondent is descended from the same grandparent as the decedent, thereby meeting the requirements of clause (1) of Domestic Relations Law § 117 (1) (e), but she reads clause (2) (iii) to require that the adoptive parent be descended from the same grandparent as the decedent. In this case, that would require that the respondent be adopted by a maternal relative. Respondent, however, asserts that clause (2) preserves her right to inherit from either birth parent so long as her adoptive parent was a descendant of any of her (respondent’s) birth grandparents.
*900 The adoptive parent here, respondent’s paternal aunt, was descended from the same birth grandparents as the respondent, but not from the same birth grandparents as the decedent. Petitioner’s argument relies on the presence of the word “such” to qualify the word “grandparent” in clause (2) of section 117 (1) (e). Petitioner argues that “such grandparent” refers to the same grandparent mentioned in clause (1) of section 117 (1) (e), thereby requiring the adoptive parent to have descended from the same grandparents as the decedent.
The principles of statutory construction, legislative history and the Court of Appeals’ pronouncements as to the general intent of the 1987 amendments to Domestic Relations Law § 117 do not support the petitioner’s reading of the statute. Thus, for the reasons given below, the court holds that where the other requirements of Domestic Relations Law § 117 (1) (e) are met, an adoptee may inherit from his or her birth mother and father so long as the adoptive parent is a descendent of the adoptee’s birth grandparents.
Statutory Construction
Qualifying words in a statute ordinarily are applied to the words or phrases immediately preceding them. They should not be construed as extending to other more remote words, unless the intent of the statute clearly indicates otherwise. (McKinney’s Cons Laws of NY, Book 1, Statutes § 254.) “The word ‘such,’ when used in a . . . statute must, in order to be intelligible, refer to some antecedent, and will generally be construed to refer to the last antecedent. . . , unless some compelling reason appears why it should not be so construed.” (American Smelting & Ref. Co. v Stettenheim, 177 App Div 392, 396 [1st Dept 1917]; Statutes § 254, at 418.) Thus, under this rule of construction, petitioner is incorrect in asserting that the use of the phrase “such grandparent” in clause (2) of section 117 (1) (e) refers back to the “grandparent” in clause (1) thereof. Rather, the phrase “such grandparent” in clause (2) refers to the “birth grandparent” which immediately precedes the word “such” within the same clause (2). Accordingly, the adoptive parent need only be descended from a birth grandparent of the child as is the case here and not from the same birth grandparent as the decedent.
Furthermore, the language of Domestic Relations Law § 117 must be harmonized and meaning must be given to the entire statute and every part thereof. (Statutes § 98.) If the court agreed with petitioner’s position, then a significant portion of *901 the statute would be rendered meaningless. Domestic Relations Law § 117 (1) (e) states that if these conditions are met, then “the rights of an adoptive child to inheritance and succession from and through either birth parent shall not terminate upon the making of the order of adoption.” (Emphasis added.) Petitioner’s reading of the statute would nullify that phrase of Domestic Relations Law § 117 (1) (e) which grants the adoptee the right to inherit from both birth parents.
Legislative History
Common law did not provide for adoptions. It was not until 1873 that statutes were enacted in this State to allow for the creation of a legal parent-child relationship between persons who did not have such a biological relationship. (L 1873, ch 830.) However, the 1873 legislation did not alter the inheritance rights of adopted children as to their natural family. To the contrary, adopted persons retained the right to inherit from their birth parents until 1963, “when the Legislature severed the adopted child’s right to inherit from biological kindred, except from a custodial and natural parent who had remarried and consented to the child’s adoption by a stepparent.” (Matter of Seaman, 78 NY2d 451, 455-456 [1991]; L 1963, ch 406, § 1.)
The statutory provision at issue here was enacted in 1987 and restored the right of an adopted person to inherit from biological parents under limited circumstances. The Recommendation of the 1987 Law Revision Commission to the 1987 Legislature indicates the intent of the amendment to Domestic Relations Law § 117 was to advance a fundamental policy underlying the laws governing intestate distribution. (1987 NY Legis Doc No. 65[E], reprinted in 1987 McKinney’s Session Laws of NY, at 1942.) In sum, the laws of intestacy attempt to distribute the decedent’s property to persons whom the decedent would likely have chosen had he or she executed a will. (See Matter of Shupack, 158 Misc 873, 877 [Sur Ct, Kings County 1936].)
Accordingly, in cases where a child is adopted by a close family member, “the Legislature has chosen not to cut off inheritance ties between the adopted-out child and the natural family that has been replaced because of the likelihood of continued contact with that family.” (Matter of Seaman, 78 NY2d 451, 461 [1991] [emphasis added].) Because there is a likelihood of contact with biological parents in intrafamily adoptions, the policy concerns of severing adoptees from their biological parents and securing them in new families are not implicated. (See Matter of Best, 66 NY2d 151, 155 n 1 [1985].) This is so *902 because there would be knowledge within the natural and adoptive “family of the identity of all of the parties in the great majority of cases.” (1987 McKinney’s Session Laws of NY, at 1942 [emphasis added].)[3]
The 1987 Recommendation of the Law Revision Commission contains additional support for the proposition that the Legislature intended the word “such” to refer to the “birth grandparent” of the child and not to the decedent’s birth grandparent:
“It should also be noted that under the Commission’s proposal the natural and adoptive kindred would generally be from the same ‘family tree’ because at least one adoptive parent must be a close natural relative of the child (i.e., from the same family tree) . . .
“Furthermore, where the inheritance rights are strictly limited to circumstances where the decedent is very closely related (i.e., is a natural grandparent or descendant of such grandparent) and the child was adopted by . . . his natural grandparent or descendant of such grandparent, there would be no violation of rights of privacy, or need for the unsealing of adoption records, because there would be knowledge within the family of the identity of all of the parties in the great majority of cases.” (1987 McKinney’s Session Laws of NY, at 1940-1942 [emphasis added].)[4]
Additionally, two Court of Appeals decisions recognize that the 1987 amendments to Domestic Relations Law § 117 were meant to give inheritance rights through either birth parent. In Matter of Seaman (78 NY2d at 456) the court stated, “In 1987 the *903 Legislature amended the Domestic Relations Law again, this time to restore an adopted child’s right of intestate inheritance from and through either natural parent under limited circumstances.” (Emphasis added.) In Matter of Murphy (6 NY3d 36, 40 [2005]), the Court of Appeals again noted that “[the 1987 amendments] allowed children adopted by certain other relatives within the birth family to take through class gifts under both lines.” (Emphasis added.)
Conclusion
The language, legislative history, and policies underlying Domestic Relations Law § 117 (1) (e) support respondent’s position that she is entitled to inherit from her birth mother’s estate. A person who is adopted by someone within their biological family tree within the level of consanguinity set forth in Domestic Relations Law § 117 (1) (e) is likely to have contact with their other birth kin. The birth parents would likely want their child to receive the inheritance due them under such circumstances.
For the foregoing reasons, petitioner’s motion for summary judgment is denied.

. The court recites only those stipulated facts which are relevant to its determination of the issues on this motion.

. The date of the judgment of divorce does not appear in the record.

. While the level of contact between the respondent and the decedent was not a stipulated fact for this motion, the petitioner raises the issue in her papers. However, even if the respondent was unaware of her natural mother’s identity during her mother’s lifetime nor had any contact with her, the court is foreclosed from considering such equities. As stated above, the law will work equitably in the great majority of cases and it has already been noted by the Court of Appeals that equity considerations may not sway courts in such cases because “the quantum of contacts or closeness between a distributee and a decedent was already considered by the Legislature when it defined the degree of kinship necessary to qualify adopted-out children and their issue as distributees under Domestic Relations Law § 117 and EPTL 4-1.1.” (Matter of Seaman, 78 NY2d 451, 461 [1991].)

. A 2002 amendment to Domestic Relations Law § 117 substituted the word “birth” for the term “natural” throughout the statute. (L 2002, ch 312, §4.)