■ In the Matter of Tia G., an Infant. Theresa G., Respondent, et al., Petitioner; Christopher G., Appellant. (Proceeding No. 1.) In the Matter of Joseph G., an Infant. Theresa G., Respondent, et al., Petitioner; Christopher G., Appellant. (Proceeding No. 2.) In the Matter of Nicholas G., an Infant. Theresa G., Respondent, et al., Petitioner; Christopher G., Appellant. (Proceeding No. 3.) [894 NYS2d 102]—

In three related adoption proceedings pursuant to Domestic Relations Law article 7, the biological father appeals from an

order of the Family Court, Suffolk County (Tarantino, J.), dated October 27, 2008, which, after a hearing, granted the joint application of the biological mother and Gregory Q., the prospective adoptive father, to dispense with the necessity of obtaining his consent to the adoptions.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated.

The prospective adoptive father, along with his fiancée, the petitioner, Theresa G., who is the biological mother of the three subject children, commenced the instant adoption proceedings on August 13, 2008. Unfortunately, on August 27, 2008, the prospective adoptive father died. Notwithstanding the request of the biological mother that the proceedings continue in the absence of the prospective adoptive father, and the Family Court's determination, after a hearing, to dispense with the necessity of the biological father's consent to the adoptions, the proceedings abated as a matter of law upon the death of the prospective adoptive father (*see Matter of Male Infant L.*, 282 AD2d 534, 534-535 [2001]; *Matter of Mazzeo*, 95 AD2d 91, 93 [1983]; *Matter of D.S.*, 160 Misc 2d 331, 332 [1994]).

"The fundamental purpose of an adoption is to establish the relationship of parent and child between living human beings. The proceeding is distinctly personal in nature and, therefore, abates upon the death of either the adoptive parent or the child" (*Matter of Freud*, 69 Misc 2d 906, 907 [1972]). "[T]he plain language of Domestic Relations Law article 7, which must be strictly construed as it is in derogation of common law (*see, Matter of Jacob*, 86 NY2d 651), demonstrates that only a person who is capable of acquiring the rights and responsibilities of a parent may adopt another person (*see*, Domestic Relations Law § 110). A deceased person does not fit within that category (*see, Matter of Mazzeo*, 95 AD2d 91; *Matter of D.S.*, 160 Misc 2d 331; *Matter of Freud*, 69 Misc 2d 906)" (*Matter of Male Infant L.*, 282 AD2d at 534-535).

Where, as here, the surviving petitioner, in effect, seeks a final order of adoption nunc pro tunc, "such an order is not recognized in this State" (*id.* at 535; *see Matter of D.S.*, 160 Misc 2d at 332), any such order that is issued is a nullity, and the proceeding is "beyond the statutory jurisdiction of the court" (*Matter of D.S.*, 160 Misc 2d at 332).

Accordingly, the appeal from the order dated October 27, 2008, must be dismissed, and that order must be vacated as a nullity. Our determination is without prejudice to any pending or future Surrogate's Court proceeding for the probate or administration of the estate of the decedent, in which the surviving petitioner

may allege and submit proof tending to show an equitable adoption of her children for the purpose of making a claim to a portion of the decedent's estate (*see Matter of Baby Boy C.*, 84 NY2d 91, 102 [1994]; *Matter of Mazzeo*, 95 AD2d at 93).

In light of the foregoing, we do not reach the parties' arguments on appeal. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.